## Richmond.

SHELTON & LUCK V. SYDNOR, COMMONWEALTH'S ATTORNEY.

January 22, 1920.

1. JURISDICTION—*Definition.*—Jurisdiction is the power to adjudicate a case upon the merits and dispose of it as justice may require.

2. JURISDICTION—*Subject-Matter and Parties—Validity of Judgment.*—There must be jurisdiction of the subject-matter of the litigation and also of the parties. If either is wanting the resulting judgement is void.

3. JURISDICTION—*Subject-Matter—Constitution or Statute—Waiver —Acquiescence.*—Jurisdiction of the subject-matter can only be acquired by virtue of the Constitution or of some statute. Neither the consent of the parties, nor waiver, nor acquiescence can confer it. Nor can the right to object for a want of it be lost by acquiescence, neglect, estoppel, or in any other manner. It is the right of the State to say of what classes of cases its courts shall have jurisdiction, and to exclude all others, and it is the duty of litigants who invoke the jurisdiction of a court to bring themselves within some class of the cases of which the court is given jurisdiction.

4. JUDGMENTS AND DECREES—*Void for Lack of Jurisdiction of Subject-Matter.*—A judgment rendered by a court which had no jurisdiction of the subject-matter is a nullity, and may be so treated by all persons anywhere at any time and in any manner. It has no existence as a valid judgment.

5. JURISDICTION—*Jurisdiction of Subject-Matter Must Appear Affirmatively on the Face of the Record.*—Jurisdiction of the subject-matter of the litigation must affirmatively appear on the face of the record; that is, the record must show affirmatively that the case is one of a class of which the court rendering the judgment was given cognizance, and the want of such jurisdiction of the trial court will be noticed by the Supreme Court of Appeals *ex mero motu.*

6. JURISDICTION—*Parties—Notice—Waiver—Validity of Judgment.* —The rule with reference to jurisdiction over persons of litigants is not quite so strict as that in regard to jurisdiction of the subject-matter. The "due process" clauses of the

Federal and State Constitutions require notice and an opportunity to be heard, but the litigants have rights which they may waive, if they choose, and, if waived in a case in which they have the right to waive, the judgment will be held valid. In this class of cases the question of the jurisdiction of the court usually resolves itself into one of whether or not there has been "due process," whether the process has been served in the time and manner required by law, or service has been waived.

7. JURISDICTION—*Parties—Validity of Judgment—Where Record Does not Show Service.*—Of course, the defendant must be properly brought before the court, else there will be no jurisdiction over him, and a judgment against him will be void; but, where the record does not expressly show service of process, the court will scrutinize the record to ascertain if there is anything in it to show service, and, if there is, it will not declare the judgment void.

8. JURISDICTION—*Parties—Record—Validity of Judgment.*—The failure of the record to show affirmatively by a return on the process the time and manner of the service thereof is not sufficient to defeat a judgment when there is anything in the record from which the court can gather that the process was in fact served.

9. APPEAL AND ERROR—*Presumption in Favor of Correctness of Action of Court—Case at Bar.*—Where a court is a court of general jurisdiction, although an appeal is given to it in a certain class of cases by a separate statute from that conferring most of its jurisdiction, there is the same presumption in favor of its correctness in the one case as the other. There is a legal presumption, in the absence of evidence to the contrary, in favor of the jurisdiction of courts of record of general jurisdiction. In the absence of any evidence in the record before the Supreme Court of Appeals to the contrary, that court must hold that the statement in the record that appeal from the decision of a board of supervisors to the circuit court was taken on December 1, 1917, means that the appeal was duly taken in the manner and within the time prescribed by the statute. The statement was a finding of fact, not impeached by anything in the record, and not sought to be impeached by extrinsic evidence, if such was admissible, and it was not claimed on appeal that notice was not duly served or appearance duly entered, but simply that the record did not on its face show such service or appearance. Under such circumstances every presumption will be indulged in favor of the correctness of the judgment of the circuit court.

10. APPEAL AND ERROR—*Burden on Appellant.*—Parties who come into the Supreme Court of Appeals seeking relief from judgments of the trial court must both allege and prove error to their prejudice.

11. STATUTES—*Constitutionality—Special and Local Acts—Code of 1904, Section 848, as Amended By Acts 1916, Ch. 286—Compensation of Supervisors.*—Acts 1916, p. 505, amends section 848 of the Code of 1904 on the subject of compensation of supervisors generally, and classifies their compensation by the population of the counties, and in these respects the act is general and unobjectionable, but, among other provisions, it then proceeds to except from the general classification and to provide a different compensation for "each member of the board of supervisors" in fifteen counties by name. It was just such legislation as this the Constitution (section 63, cl. 14, Const. 1902) sought to prohibit, and in so far as Acts 1916, p. 505, provides a rate of compensation for the supervisors in the fifteen counties mentioned therein, different from the general classification therein specified, it is null and void.

12. JUDICIAL NOTICE—*Population.*—Judicial notice will be taken of the population of counties, cities and towns as shown by the United States census.

Error to a judgment of the Circuit Court of Hanover county. Judgment for plaintiff. Defendants assign error.

*Affirmed.*

The opinion states the case.

*Haw & Haw,* for the plaintiffs in error.

*Walter Sydnor,* for the defendant in error.

BURKS, J., delivered the opinion of the court.

The plaintiffs in error are members of the board of supervisors of Hanover county. At a meeting of the board held on December 1, 1917, the board allowed to each of them an account against the county as compensation, at

the rate of three dollars a day, for services rendered in the supervision of the opening and repairing the public roads, and the construction of bridges of said county. The allowance was made under the provisions of an act of Assembly approved March 18, 1916, amending section 848 of the Code of 1904. Acts 1916, p. 505. From the order of the board allowing these claims and directing warrants to be issued therefor, 'an appeal was taken by Walter Sydnor, attorney for the Commonwealth for said county, pursuant to section 836 of the Code. Upon the hearing of the appeal, the Circuit Court of Hanover county "set aside, revoked and annulled" the order of the board allowing said accounts, on the ground that the act aforesaid of March 18, 1916, was in violation of paragraph 14 of section 63 of the Constitution forbidding the passage of any local, special or private act increasing the salaries, fees, percentages or allowances of public officers during the term for which they were elected or appointed. To that order of the circuit court, this writ of error was awarded. The case appears to have been heard in the circuit court without evidence but upon the admissions of the parties. Some of these admissions appear in the final order appealed from, but the record does not state that those were all that were made. It simply states that the court considered the record in the cause and "the admissions of fact of the case." The final order appealed from does, however, state expressly that the appeal was "taken December 1, 1917," which was the very day that the supervisors met and made the order allowing the accounts. The appeal was taken under section 836 of the Code (1904) which provides, amongst other things, that "when any claim has been allowed by said board against the county, which, in the opinion of said attorney (for the Commonwealth), is improper or unjust * *. * the said attorney shall appeal from the decision of said board to the circuit

court of the county, causing a written notice of said appeal to be served on the clerk of said board, and upon the party in whose favor the said claim is allowed, within thirty (30) days after the making of such decision.

It was earnestly insisted both in the petition for the appeal and in the oral argument before us that the perfection of the appeal by the notice required by statute was essential to the jurisdiction of the circuit court, and, that the record fails to disclose that the notice was given in the time required by law, and that a voluntary appearance to the appeal after the lapse of thirty days could not cure the defect and confer jurisdiction on the court.

[1-5]   Jurisdiction, it is said, is the power to adjudicate a case upon the merits and dispose of it as justice may require. *The Resolute,* 168 U. S. 437, 18 Sup. Ct. 112, 42 L. Ed. 533. This necessarily involves the idea that there must be jurisdiction of the subject matter of the litigation and also over the parties thereto. If either is wanting the resulting judgment is void. But the rights and powers of the parties and of third persons with reference to the mode of acquiring the two kinds of jurisdiction are not the same. Jurisdiction of the subject matter can only be acquired by virtue of the Constitution or of some statute. Neither the consent of the parties, nor waiver, nor acquiescence can confer it. Nor can the right to object for a want of it be lost by acquiescence, neglect, estopel or in any other manner. *School Trustees* v. *Stocker,* 42 N. J. L. 116; *Springer* v. *Shavender,* 118 N. C. 33, 23 S. E. 976, 54 Am. St. Rep. 708; *O'Brien* v. *People,* 216 Ill. 354, 75 N. E. 108, 108 Am. St. Rep. 219, 3 Ann. Cas. 966. It is the right of the State to say of what classes of cases its courts shall have jurisdiction, and to exclude all others, and it is the duty of litigants who invoke the jurisdiction of a court to bring themselves within some class of the cases of which the court is given jurisdiction. *O'Brien* v. *People,*

*supra.* A judgment rendered by a court which had no jurisdiction of the subject matter is a nullity, and may be so treated by all persons, anywhere, at any time and in any manner. It has no existence as a valid judgment. 1 Black on Judgments, sec. 278 and cases cited; *Building Ass'n* v. *Haden,* 92 Va. 201, 23 S. E. 285. Jurisdiction of the subject matter of the litigation must affirmatively appear on the face of the record, that is the record must show affirmatively that the case is one of a class of which the court rendering the judgment was given cognizance. (*Ritter Lumber Co.* v. *Coal Co.,* 115 Va. 370, 79 S. E. 322; *Jones* v. *Buckingham Coal Co.,* 116 Va. 120, 81 S. E. 28), and the want of such jurisdiction of the trial court will be noticed by this court *ex mero motu.* (*South. & W. R. Co.* v. *Commonwealth,* 104 Va. 314, 51 S. E. 824; *Hanger* v. *Commonwealth,* 107 Va. 872, 60 S. E. 67.)

[6, 7] The rule with reference to jurisdiction over the persons of the litigants is not quite so strict. The "due process" clauses of the Federal and State Constitutions require notice and an opportunity to be heard, but the litigants have rights which they may waive, if they choose, and if waived in a case in which they have the right to waive, the judgment will be held valid. In this class of cases, the question of the jurisdiction of the court usually resolves itself into one of whether or not there has been "due process," whether the process has been served in the time and manner required by law, or service has been waived. Of course, the defendant must be properly brought before the court, else there will be no jurisdiction over him and a judgment against him will be void (*Pennoyer* v. *Neff,* 95 U. S. 714, 24 L. Ed. 565); but where the record does not expressly show service of process, the court will scrutinize the record to ascertain if there is anything in it to show service and if there is, it will not declare the judgment void. In *Hill* v. *Woodward,* 78 Va.

765, a suit to sell land in which the widow was entitled to dower, the record did not affirmatively show service of process on the widow who was a necessary party to the suit. Her name did not appear in the process which was returned executed. The suit was brought to October Rules, 1878. After various proceedings had in the cause, and the sale of the land at which she was present and a bidder, she, in June, 1881, filed her petition stating that she had never been served with process, and asking to be made a party defendant and that the proceedings in the cause be vacated and the case heard *de novo*. Judge Richardson, after a discussion of numerous authorities arrives at the conclusion that where the want of authority to render a decree does not plainly appear on the face of the record, every presumption will be indulged in favor of judgments of courts of general jurisdiction, and the entire record will be inspected to ascertain if process had been served; that the onus of showing a want of service was upon the widow who sought to impeach the decree, and that the mere failure of the record to show affirmatively that process was served was not sufficient to impeach the decrees previously rendered in the cause. In that case the court made various surmises as to the issuance and service of process and concluded there must have been service from the statement in one of the decrees that the cause came on to be heard on the bill taken for confessed as to all of the defendants.

In *Ferguson* v. *Teel*, 82 Va. 690, the objection made in this court was that the case was prematurely heard in the court below, because process against a married woman, who was one of the principal defendants, had not been served on her, but on her husband, and yet the record shows that the case was heard on the bill taken for confessed as to *all* of the defendants. Replying to this assignment, the court said, "When a court of general juris-

diction has pronounced judgment, its adjudication should be as conclusive on the question of whether a party was duly notified as on any other point necessary to a proper determination of the cause." These words are quoted with approval by Lewis, P., in *Moore* v. *Green,* 90 Va., at page 183, 17 S. E. 873, where the record did not affirmatively show service of process, but the decree stated that all of the defendants had been duly served with process. See also dissenting opinion of Lewis, P., in *Gresham* v. *Ewell,* 85 Va. p. 6, 6 S. E. 702, where it is said: "And it is equally well settled that a judgment of a court of competent jurisdiction is always presumed to be right until the contrary is shown, even when directly assailed in an appellate court. *Harman* v. *City of Lynchburg,* 33 Gratt. (74 Va.) 37; *Hill* v. *Woodward,* 78 Va. 765. Every intendment is made to support the judgment, and the rule is that nothing shall be intended to be out of the jurisdiction of a superior court—that is, a court of general jurisdiction—but that which specially appears to be so. Bromms Leg. Max., 952; 1 Smith's Leading Cases, notes to *Crepps* v. *Durden.*"

[8] In all of the cases cited above the attack on the judgment was direct and not collateral. We have cited them, not for the purpose of approving all that is said therein, but to show that the failure of the record to show affirmatively by a return on the process the time and manner of the service thereof is not sufficient to defeat a judgment when there is anything in the record from which the court can gather that the process was in fact served.

[9, 10] In the case at bar, the record does not affimatively show the want of service of the notice required by the statute. There is copied into the record a notice bearing date December 12, 1917, upon which there is no return. It does not appear that no other notice was given. It is admitted in the petition that the clerk of the board

accepted service of the notice, though that fact does not appear in the record. It appears that the plaintiffs in error appeared at the hearing and defended the case on its merits, without objection of any kind, but when that appearance was first entered does not appear. It further affirmatively appears that the appeal was "taken December 1, 1917." The circuit court of Hanover county is a court of general jurisdiction, and although the appeal in this class of cases is given by a separate statute from that conferring most of its jurisdiction, there is the same presumption in favor of its correctness in the one case as the other. *Mortgage Trust Co.* v. *Redd,* 38 Colo. 458, 88 Pac. 473, 8 L. R. A. (N. S.) 215, 120 Am. St. Rep. 132. See also cases cited in 10 R. C. L. 833. There is a legal presumption, in the absence of evidence to the contrary, in favor of the jurisdiction of courts of record of general jurisdiction. The appeal from the decision of the board of supervisors to the circuit court could only be taken in the manner and at the time prescribed by the statute, and, in the absence of any evidence in the record before us to the contrary, we must hold that the statement in the record that the appeal was taken December 1, 1917, means that the appeal was duly taken in the manner and within the time prescribed by the statute. The statement was a finding of fact, not impeached by anything in the record, and not sought to be impeached by extrinsic evidence, if such was admissible, and it is not now claimed that notice was not duly served or appearance duly entered, but simply that the record does not on its face show such service or appearance. Under such circumstances every presumption will be indulged in favor of the correctness of the judgment of the circuit court. In *Voorhees* v. *Bank,* 10 Pet. 472, 9 L. Ed. 490, it is said "There is no principle of law better settled, than that every act of a court of competent jurisdiction shall be presumed to have been rightly done, till the

contrary appears; this rule applies as well to every judgment or decree, rendered in the various stages of their proceedings from the initiation to their completion, as to their adjudication that the plaintiff has a right of action. Every matter adjudicated, becomes a part of their record; which thenceforth proves itself, without referring to the evidence on which it has been adjudged." Parties who come into this court seeking relief from judgments of the trial court must both allege and prove error to their prejudice. *Ritter Lumber Co.* v. *Coal Co., supra.* Upon the record presented, we cannot say that the Circuit Court of Hanover county was without jurisdiction of the appeal.

In the view we have taken of the case it is unnecessary to determine whether or not the perfecting of an appeal within the time prescribed by law is jurisdictional, and we express no opinion on the subject. It is a question upon which the cases are not altogether in harmony. *Edmonson* v. *Bloomshire,* 7 Wall. 306, 19 L. Ed. 91; *Wynn* v. *Tallapoosa County Bank,* 168 Ala. 469, 53 So. 228; *In re Brewer's Estate,* 156 Cal. 89, 103 Pac. 486; *Niles* v. *Gonzales,* 152 Cal. 90, 92 Pac. 74; *Perkins* v. *Perkins,* 173 Mich. 690, 140 N. W. 161; *King* v. *Penn.* 43 Ohio St. 57, 1 N. E. 84; *Wedd* v. *Gates,* 15 Okla. 602, 82 Pac. 808; *Peterson* v. *Manhattan Life Ins. Co.,* 244 Ill. 329, 91 N. E. 466, 18 Ann. Cas. 96; *Parker* v. *Johnson,* 47 Miss. 632; *Morrison* v. *Craven,* 120 N. C. 327, 26 S. E. 940; 3 *Corpus Juris,* 369; 2 Cyc. 536-7, 804; 13 Enc. Pl. & Pr. 187.

In addition to this the case appears to have been tried in the circuit court without any controversy as to the facts, and without an intimation or suggestion that the appeal had not been duly taken and perfected, and without an objection or exception on that account. If the notice was not given or appearance entered within the time required by law that fact could have been readily determined if the question had been raised in the trial court. In *Louisa*

*County* v. *Yancey*, 109 Va. 229, 63 S. E. 452, it was held, as appears by paragraph 2 of the syllabus: "Whether a writ of error from a circuit court to a county court was perfected within the time prescribed by law depends, among other things, upon the time which had elapsed between the presentation of the petition for the writ and the delivery of the record and petition to the clerk of the appellate court, which time is to be deducted. If the case was argued in the circuit court, made a vacation case by consent, and submitted to the court for decision, without making the objection that the writ of error was not perfected within the time to be deducted as above mentioned, the objection that the writ of error from the circuit court to the county court was not perfected in due time cannot be raised for the first time in this court."

[11] The next error assigned is the holding of the trial court that section 848 of the Code (1904) as amended by the act of March 18, 1916 (Acts 1916, p. 505), is a local and special act and is unconstitutional and void because prohibited by clause 14 of section 63 of the Constitution of this State. The distinction between general and special acts is elaborately discussed by Judge Kelly, with his usual ability, in an opinion in *Martin* v. *Commonwealth, ante,* p. 603, 102 S. E. 77, handed down to-day, to which reference only is necessary.

Each of the appellants was a member of the board of supervisors of Hanover county, and the claims allowed them were "for services other than regular meeting days." It is admitted that the services consisted of the supervision of the opening and repairing of public roads, and that the charge of three dollars per day was in pursuance of the act of March 18, 1916 (Acts 1916, p. 505), amending section 848 of the Code (1904). It is also admitted that the terms of office of the appellants began on January 1, 1916, and ended December 31, 1919, and that the special road law for

Hanover county does not allow appellants any compensation other than that provided by the general law of the State.

Section 63, clause 14, of the Constitution declares that "The General Assembly shall not enact any local, special or private law * * * creating, increasing or decreasing, or authorizing to be created, increased or decreased, the salaries, fees, percentages or allowances of public officers during the term for which they are elected or appointed." At the time appellants were elected and entered into office their compensation was fixed at four dollars a day, but not exceeding a certain number of days, for attending the meetings of the board and *discharging such other duties as might be imposed upon them by law:* Acts 1914, p. 368, amending section 848 of the Code (1904). At the same time, the special road law for Hanover county declared that "the board of supervisors of Hanover county shall have general charge of all public roads and bridges in Hanover county, shall cause the same to be constructed, repaired and kept in good condition, etc." Acts 1914, p. 379, sec. 2. So that, at the time appellants entered into office, their compensation was fixed at four dollars a day for the requisite number of days, and mileage as declared by statute, not only for attending meetings of the board but also for discharging such other duties as might be imposed upon them by law. Among such other duties there was included the supervision of the construction, repair and upkeep of the public roads and bridges as declared by the special road law of the county. Sec. 848, as amended, imposed no duties upon the plaintiffs in error in addition to those imposed by the special law for Hanover county prior to their election. This compensation could not be increased during their term of office by any local or special law. It remains, therefore, to enquire whether the act of 1916 amending section 848 of the Code of 1904 (Acts of 1916, p. 505) allow-

ing the supervisors of Hanover county increased compensation for supervising the construction, repair and upkeep of the public roads and bridges is a special and local law. Upon this subject we do not entertain any doubt. "A law is special in a constitutional sense, when, by force of an inherent limitation, it arbitrarily separates some persons, places or things from others, upon which, but for such limitation, it would operate.  * * *  If the only limitation contained is a legitimate classification of its objects, it is a general law. Hence, if the objects of the law have characteristics so distinct as reasonably to form, for the purpose legislated upon, a class by itself, the law is general; for a law is not general because it operates upon every person in the State, but because every person that can be brought within its predicament becomes subject to its operation." *Budd* v. *Hancock,* 66 N. J. Law 133, 48 Atl. 1023. "A clause or provision special in its character applying to particular individuals, particular places or particular cases, is none the less special, because inserted in the most general of public acts." *Mitchell* v. *McCorkle,* 69 Ind. 184. See also, *Polglaise's Case,* 114 Va. 850, 76 S. E. 897; *Martin* v. *Commonwealth, supra,* and cases cited.

The act amends section 848 of the Code on the subject of compensation of supervisors generally, and classifies their compensation by the population of the counties, and in these respects the act is general and unobjectionable, but, among other provisions, it then proceeds to except from the general classification and to provide a different compensation for "each member of the board of supervisors" in fifteen counties by name. It was just such legislation as this the Constitution sought to prohibit, and in so far as the Acts of 1916, p. 505, provides a rate of compensation for the supervisors in the fifteen counties mentioned therein different from the general classification therein specified, it is null and void. *Martin* v. *Common-*

*wealth, supra.* While the record does not disclose the population of Hanover county, this court will take judicial notice of the fact that, according to the last United States census Hanover county had a population of 17,200 inhabitants, and, the classification by population being valid, the plaintiffs in error are entitled, under the act, to pay at the rate of four dollars a day for the number of days actually employed, not exceeding twenty-five days, and to the mileage prescribed by law, but no more.

[12] The courts seem to be generally agreed that judicial notice will be taken of the population of counties, cities and towns as shown by United States census. *State* v. *Marion County Ct.,* 128 Mo. 427, 30 S. W. 103, 31 S. W. 23; *Parker* v. *State,* 133 Ind. 178, 32 N. E. 836, 33 N. E. 119, 18 L. R. A. 567. For collection of cases see 16 Cyc. 870; 15 R. C. L. 1129; notes in 124 Am. St. Rep. 41; 4 L. R. A. 39.

Counsel for the appellants rely upon *Ex parte Settle,* 114 Va. 715, 77 S. E. 496, as authority to support the validity of the special provisions for the fifteen counties aforesaid, but in that case there was a classification by population. That case is reviewed, and the whole subject so fully discussed and elucidated in the opinion of Judge Kelly in the *Martin Case* above referred to, as to make any further discussion not only unnecessary but undesirable. It is sufficient here to say that it is not applicable to the facts of this case.

Counsel for the appellants also seek to uphold the special provision for Hanover and the other fourteen counties named on the ground that the amendatory act of 1916, p. 505, is in effect an amendment of the road laws, imposing new duties on supervisors for which additional compensation is allowed, and reliance is placed on *Wilburn* v. *Raines,* 111 Va. 334, 68 S. E. 993, holding that special road laws are not prohibited by the Constitution. But there is no

Opinion.

force in the suggestion, as the act imposes no new duties of any kind on the supervisors, even if that would justify an increase of compensation. It simply fixes compensation for attending meetings of the board and discharging such other duties as may be imposed upon them by law. But it nowhere says what those duties are. They are fixed by other statutes. Whatever they are or may be, this statute simply fixes, by a *per diem* allowance, compensation therefor.

Upon the whole case, we are of opinion that the judgment of the circuit court of Hanover county should be affirmed, but without prejudice to the plaintiffs in error to demand and receive the mileage allowed by law and compensation at the rate of four dollars a day for the time actually employed, not exceeding twenty-five days in any one year, for attending the meetings of the board and discharging such other duties as may be imposed upon them by law.

*Affirmed.*