# 𝕾taunton

## J. M. SMITH V. BOARD OF SUPERVISORS OF LEE COUNTY AND E. E. HYATT.

September 22, 1932.

Present, All the Justices.

The opinion states the case.

*Pennington & Pennington* and *J. C. Noel,* for the plaintiff in error.

*Robert B. Ely* and *George P. Cridlin,* for the defendants in error.

EPES, J., delivered the opinion of the court.

Section 2002 of the Code of Virginia, 1919, which is found in chapter 84, entitled "Roads, Bridges, Landings and Wharves," under Title 18, entitled "Public Highways," reads as follows:

"The clerk of each board of supervisors shall receive for the duties to be performed by him under the provisions of this chapter compensation to be fixed and allowed to him by the said board, not to exceed fifty dollars per annum, the same to be paid out of the tax levied under section nineteen hundred and eighty-six."[1]

Section 2002 was amended and reenacted by Acts 1920, page 272, chapter 191, Acts 1922, pages 518, 519, chapter 306, and Acts 1927 (Ex. Sess.), page 32, chapter 17. Each amendment consisted only in the addition of new matter. The section as it read after the amendment of 1927, with the original words printed in bold face type, the words added in 1920 in Roman type, those added in 1922 in italics, and those added in 1927 in small caps, was as follows:

"**Section 2002.   Pay of clerk of board.—The clerk of each board of supervisors,** EXCEPT AS HEREINAFTER PROVIDED **shall receive for the duties to be performed by him under the provisions of this chapter** ,compensation to be **fixed and allowed to him by the said board, not to exceed**

---

[1]Section 1986, which was also in chapter 84, required the board of supervisors to levy annually a road tax upon the real and personal property of the county.   This section was expressly repealed by chapter 159, Acts 1928, p. 568, §46, entitled "An act to provide a general road law applicable in all counties," etc., sections 11 and 12 of which contain provisions for the levy of road taxes by the board of supervisors of the several counties.

**fifty dollars per annum,** provided, *that the clerk of the board of supervisors of Madison county may receive a salary of not to exceed one hundred dollars per annum; and, provided further,* that the clerks of the boards of supervisors of Norfolk, Nansemond, Pittsylvania and Wise counties may receive a salary not exceeding two hundred and fifty dollars, and the clerk of the board of supervisors of Augusta county AND THE CLERK OF THE BOARD OF SUPERVISORS OF ROCKINGHAM COUNTY, may, in the discretion of the board of said county, receive a salary not exceeding seven hundred and twenty dollars per annum, **the same to be paid out of the tax levied under section nineteen hundred and eighty-six,** *and provided further that, whenever the judge of the circuit court of Arlington county, either in term or in vacation, shall deem it advisable to appoint a clerk to perform the duties of clerk of the board of supervisors of such county, other than the county clerk of such county, the court or judge shall enter an order in the minute book of said court to that effect and shall appoint some other person than the county clerk\* of such board of supervisors, whose term of office shall expire at the same time as the term of members of the board of supervisors, and shall fix and determine his salary, which shall be designated in the order of his appointment."*

By chapter 123, Acts 1928, pp. 532, 533, this section, as amended by the act of 1927, was amended in the following particulars: (1) The basic compensation for clerks was changed from $50 to $100 per annum. (2) The following provision was inserted just after the proviso as to Madison county, *"and the clerk of the board of supervisors of Warren and Craig and Fauquier, Bath and Highland counties may receive a salary of not to exceed $150 per annum."* (3) Spotsylvania, Halifax and Appomattox were added to the list of counties whose clerk "may receive" $250. (4) After the words "section nineteen hundred and eighty-six, and provided," the words *"and Lee county"* were inserted. This

---

\*The words "as clerk" are, of course, to be implied here.

last change seems to have been an abortive attempt to include Lee county in the proviso relating to Arlington county.

By chapter 316, Acts 1930, p. 745, this section, as amended by Acts 1928, was further amended in the following particulars: (1) Warren county was stricken out of the list of counties whose clerks "may receive" $150 per annum; and Lunenburg was added to this list. (2) Amherst, Pulaski, Russell, Rockbridge, Rappahannock, Culpeper, Prince Edward, Cumberland, Dickenson, Page and Warren were added to the list of counties whose clerks "may receive" $250. (3) Alleghany county was added to the list of counties whose clerks "may receive" $720 per annum. (4) The last proviso was changed to include Lee county and reads as follows:

"* * * and provided, further, that whenever the judge of the circuit court of Arlington county and Lee county, either in term or in vacation, shall deem it advisable to appoint a clerk to perform the duties of clerk of the board of supervisors of such county, other than the county clerk of such county, the court or judge shall enter an order in the minute book of said court to that effect and shall appoint some other person than the county clerk of such board of supervisors, whose term of office shall expire at the same time as the term of members of the board of supervisors, and shall fix and determine his salary, which shall be designated in the order of his appointment."

Section 2770, chapter 109, Code Va. 1919, which has not been amended in this respect, except as to Augusta county, provides that, "The county clerk shall be *ex-officio* clerk of the board of supervisors," and that as such it shall be his duty to perform the duties therein set forth and "such special duties as are required of him by law."

On February 9, 1932, the board of supervisors of Lee county passed the following resolution which was transmitted to the circuit court of the county:

"Whereas, the State Auditor recommends that the board enter an order, recommending to the judge of the circuit

court to proceed under section 2002 of the Code of Virginia as amended by the 1930 Assembly and appoint some other than the clerk of the board of supervisors, as he deems it advisable that the county auditor should serve as clerk of the board in order that the county accounting system be a complete unit.

"Now, therefore, be it ordered, that the board of supervisors hereby, recommends that the judge proceed under the above stated section and make said appointment, and further recommends that E. E. Hyatt, county auditor, be appointed as said clerk, and that the salary of said clerk be the sum of $300.00 per annum for performing the duties now being performed by the clerk of the court of the board and such other duties as required by law."

On February 22, 1932, after J. M. Smith, the duly elected and qualified clerk of Lee county for the term beginning January 1, 1928, and ending December 31, 1935, by leave of the court had appeared by counsel and protested the entry of an order in accordance with the above resolution of the board of supervisors, the circuit court of Lee county entered the following order:

"It appearing to the court that it is the desire of the board of supervisors of Lee county, that the court appoint a clerk to perform the duties of clerk of said board, other than the county clerk; and that the Honorable T. Coleman Andrews, Auditor of Public Accounts of Virginia, and Robert B. Ely, Commonwealth's attorney for Lee county having recommended such action by the court; and the court deem(ing) it advisable to appoint such clerk doth hereby appoint E. E. Hyatt, clerk of the board of supervisors of Lee county, who shall perform all the duties of clerk of the said board required by law, his term of office to expire on the 31st day of December, 1935, that being the date when the term of the members of the board of supervisors will expire. And the court doth fix and determine the salary of said clerk to be the sum of three hundred dollars ($300.00) per annum, which sum shall be his full com-

pensation for the performance of all the duties required by law to be performed by the clerk of said board."

J. M. Smith has been granted a writ of error to this order. The error which he assigns is that the Acts of 1920, 1922, 1927, 1928 and 1930 amending section 2002 of the Code of 1919 are unconstitutional. He assigns several grounds upon which he alleges that these acts are unconstitutional, but the only one which need here be considered is that it violates section 64 of the Constitution.

Section 63 of the Constitution (both before and after the amendments of 1928) provides that "The General Assembly shall not enact any local, special or private law in the following cases," and then sets forth twenty specific cases.

Section 64 of the Constitution, which has remained unchanged since 1902, reads in part as follows:

"In all cases enumerated in the last section, and in every other case which, in its judgment, may be provided for by general laws, the General Assembly shall enact general laws. Any general law shall be subject to amendment or repeal, *but the amendment or partial repeal thereof shall not operate directly or indirectly to enact, and shall not have the effect of the enactment of a special, private, or local law.*" (Italics ours.)

Section 63 of the Constitution prohibits the enactment in any form of a local, special or private law in the twenty cases therein specified. Section 64 prohibits the enactment of any special, private or local law by the device of so amending a general law as to have the effect of the enactment of a special, private or local law.

Section 2002, Code 1919, is a general law. The several amendments of section 2002, in so far as they make special provisions for the several counties therein named, had the effect of the enactment of special and local laws for these counties; and, therefore, violated section 64 of the Constitution. It is just such legislation that section 64 was designed to prohibit. *Shelton & Luck* v. *Sydnor,* 126 Va. 625, 102 S. E. 83.

It follows that the court was without power or authority to enter the order appealed from; and an order will be here entered declaring it to be null and void.

*Reversed.*

CHINN, J., concurred in the result.