COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Chaney, Raphael and Callins

JAMELL D. DAVIS

MEMORANDUM OPINION *
PER CURIAM
FEBRUARY 14, 2023

v.      Record No. 1085-22-2

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF KING GEORGE COUNTY
Herbert M. Hewitt, Judge

(Jamell D. Davis, on brief), *pro se*.  Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Tanner M. Russo, Assistant
Attorney General, on brief), for appellee.

Jamell D. Davis appeals the circuit court's April 2022 order denying his motion to

modify and reconsider the revocation and reimposition of his previously suspended sentence.

Although the revocation occurred in 2011, after Davis pleaded guilty to violating the terms of his

probation, Davis argues that Code § 19.2-306.1, enacted in 2021, entitles him to a modified or

reduced sentence.  He claims that the probation violation that led to the 2011 revocation was

only a "technical violation" under the 2021 statute.  The circuit court denied Davis's motion on

the ground that Code § 19.2-306.1 is not retroactive and did not apply to Davis's 2011 revocation

hearing.

We find, however, that Davis failed to establish that the circuit court had subject-matter

jurisdiction to consider his motion to modify or reduce his sentence.  Having examined the briefs

and the record, the panel unanimously agrees that oral argument is unnecessary because the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

dispositive issue has been authoritatively decided, and Davis has not argued for a change in the controlling law. *See* Code § 17.1-403(ii)(b); Rule 5A:27(b).

BACKGROUND

In August 2004, the Circuit Court of King George County sentenced Davis on three drug-distribution convictions to a total of nine years' incarceration in the Virginia Department of Corrections. The court suspended all nine years, conditioned on supervised probation. In December 2008, after finding Davis in violation of the terms of his probation, the court revoked 30 days of his previously suspended sentence and resuspended the balance. In March 2010, the circuit court issued a capias for Davis after his probation officer reported that Davis had failed to follow the officer's instructions, changed his address without approval, and absconded from supervision.

On August 18, 2011, after Davis pleaded guilty to violating the terms of his probation, the circuit court found him guilty and, by order entered September 23, 2011, imposed the balance of Davis's previously suspended sentence. The record does not reveal when Davis was transferred to the custody of the Department of Corrections.[1]

Effective July 1, 2021, the General Assembly amended and reenacted Code § 19.2-306(C) to provide that "[i]f the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then the court may revoke the suspension and impose a sentence in accordance with the provisions of [Code] § 19.2-306.1." 2021 Va. Acts Spec. Sess. I ch. 538. Newly enacted Code § 19.2-306.1 limits when and for how long a circuit

---

[1] *But see* Code § 53.1-20(B) ("Persons convicted of felonies committed on or after January 1, 1995, and sentenced to the Department or sentenced to confinement in jail for a year or more shall be placed in the custody of the Department and received by the Director into the state corrections system within sixty days of the date on which the final sentencing order is mailed by certified letter or sent by electronic transmission to the Director by the clerk.").

court may impose active incarceration for certain statutorily defined "technical violations." *See* Code § 19.2-306.1(A), (C).

In April 2022, while incarcerated at Haynesville Correctional Unit No. 17, Davis moved *pro se* to "Modify and Reconsider" his sentence "to be in compliance with" Code § 19.2-306.1. Davis argued that the basis of his August 2011 revocation was a "technical violation" under Code § 19.2-306.1(A), so the trial court could not impose active incarceration. On April 26, 2022, the circuit court denied the motion without a hearing, concluding that Code § 19.2-306.1 did not apply retroactively to the revocation proceeding that became final in 2011.[2] Davis appeals.

ANALYSIS

"Jurisdiction . . . is the power to adjudicate a case upon the merits and dispose of it as justice may require." *Pure Presbyterian Church of Wash. v. Grace of God Presbyterian Church*, 296 Va. 42, 49 (2018) (alteration in original) (quoting *Shelton v. Sydnor*, 126 Va. 625, 629 (1920)). "Jurisdiction of the subject matter can only be acquired by virtue of the Constitution or of some statute. Neither the consent of the parties, nor waiver, nor acquiescence can confer it." *Id.* (quoting *Humphreys v. Commonwealth*, 186 Va. 765, 772 (1947)). "[W]e have jurisdiction to consider [this] appeal only if the trial court had jurisdiction to entertain the underlying motion." *Minor v. Commonwealth*, 66 Va. App. 728, 738 (2016).

A court "always has jurisdiction to determine whether it has subject matter jurisdiction." *Pure Presbyterian*, 296 Va. at 50 (quoting *Morrison v. Bestler*, 239 Va. 166, 170 (1990)). "[T]he lack of subject matter jurisdiction can be raised at any time in the proceedings, even for

---

[2] *See Delaune v. Commonwealth*, 76 Va. App. 372, 378 (2023) (holding that Code § 19.2-306.1 "does not apply at a violation hearing when a probationer committed the relevant violations before the change in law and when revocation proceedings began before the statute took effect—absent agreement of the parties otherwise").

the first time on appeal by the court *sua sponte*." *Holden v. Commonwealth*, 26 Va. App. 403, 407 (1998) (quoting *Morrison*, 239 Va. at 170). Whether the circuit court had jurisdiction over a particular matter is a question of law that we review de novo. *Reaves v. Tucker*, 67 Va. App. 719, 727 (2017).

The Commonwealth argues that the circuit court lacked jurisdiction to consider Davis's April 2022 motion because, under Rule 1:1, more than 21 days had elapsed since the September 2011 revocation order that Davis seeks to revisit. The Commonwealth notes that, while Code § 19.2-303 extends the duration of the circuit court's jurisdiction to suspend or modify the balance of a sentence, the statute does not apply if the defendant "was a prisoner in the Virginia Department of Corrections at the time he filed his motion." With only a slight qualification to the last point, we agree with the Commonwealth that the trial court lacked jurisdiction to consider Davis's motion.

Rule 1:1(a) provides that "[a]ll final judgments, orders, and decrees . . . remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." This rule is "mandatory in order to assure the certainty and stability that the finality of judgments brings." *Dobson v. Commonwealth*, ___ Va. App. ___, ___ (Feb. 7, 2023) (quoting *Super Fresh Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 563 (2002)). Absent a statutory exception, once the 21-day period has expired, the trial court is "without jurisdiction in the case." *Id*. at ___ (quoting *Super Fresh*, 263 Va. at 563).

One such statutory exception is Code § 19.2-303, which "extends a trial court's jurisdiction beyond the 21 days specified in Rule 1:1 to consider a motion to suspend or modify a criminal sentence." *Id*. at ___. When, as here, the defendant "has been sentenced for a felony to the Department of Corrections," then "the court that heard the case, if it appears compatible with the public interest and there are circumstances in mitigation of the offense, may, at any time

- 4 -

before the person is transferred to the Department, or within 60 days of such transfer, suspend or otherwise modify the unserved portion of such a sentence." Code § 19.2-303. The extension of the circuit court's jurisdiction for "60 days" after "such transfer" was added by the General Assembly in 2021. 2021 Va. Acts Spec. Sess. I ch. 176; *see Dobson*, ___ Va. App. at ___.[3]

Davis was in the custody of the Department of Corrections when he filed his April 2022 motion to modify or reduce his sentence. Although the record is silent about *when* Davis was transferred to the Department of Corrections, "the defendant bears the burden of establishing the jurisdictional facts to invoke the extended-jurisdiction provisions of Code § 19.2-303." *Dobson*, ___ Va. App. at ___ (collecting cases). For the circuit court to have jurisdiction over Davis's motion, Davis had to show that he filed it no later than 60 days after his transfer to the Department of Corrections. *Id.* Since we are "[f]aced with a silent record" on that point, we cannot find that the circuit court had jurisdiction to modify or reduce the sentence. *Id.* at ___ (alteration in original) (quoting *Ziats v. Commonwealth*, 42 Va. App. 133, 139 (2003)).

Because the trial court lacked jurisdiction to consider Davis's motion to modify or reconsider his sentence, "we lack jurisdiction to consider his appeal regarding the denial of that motion." *Minor*, 66 Va. App. at 743.

CONCLUSION

The trial court lacked subject-matter jurisdiction to grant the relief sought by Davis. Accordingly, the order appealed from is vacated and the case is remanded to the circuit court with instructions to vacate the April 26, 2022 order and dismiss Davis's motion.

*Dismissed.*

---

[3] The 2022 amendment to Code § 19.2-303 did not change the language at issue here. *See* 2022 Va. Acts chs. 41, 42.