COURT OF APPEALS OF VIRGINIA

Present: Judges Raphael, Lorish and Callins

DAVID WAYNE ANDERSON

v.     Record No. 1266-22-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
JUNE 20, 2023

FROM THE CIRCUIT COURT OF WASHINGTON COUNTY
Sage B. Johnson, Judge

(David W. Anderson, on brief), *pro se*.

(Jason S. Miyares, Attorney General; Timothy J. Huffstutter,
Assistant Attorney General, on brief), for appellee.

David Wayne Anderson, appellant, challenges the trial court's denial of his motion to

vacate his 2019 convictions for possession of child pornography. In his six assignments of error,

Anderson alleges that his convictions were not supported by sufficient evidence. After examining

the briefs and record in this case, the panel unanimously holds that oral argument is unnecessary

because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We hold

that the trial court did not have jurisdiction to consider Anderson's motion to vacate.

BACKGROUND

In 2019, a jury convicted Anderson of one count of possession of child pornography, first

offense, and thirty counts of possession of child pornography, second or subsequent offense. On

March 12, 2020, the trial court then sentenced Anderson to 245 years of incarceration, with 40 years

suspended. Anderson appealed to this Court and the Supreme Court challenging the sufficiency of

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

the evidence, but the appeals did not succeed. *See Anderson v. Commonwealth*, No. 0644-20-3 (Va. Ct. App. Dec. 17, 2020, Feb. 5, 2021) (orders); *Anderson v. Commonwealth*, No. 210228 (Va. Aug. 30, 2021) (order). He has also filed three petitions for writ of actual innocence with this Court; those were all summarily dismissed. *See Anderson v. Commonwealth*, No. 0625-20-3 (Va. Ct. App. May 20, 2020) (order); *Anderson v. Commonwealth*, No. 0072-21-3 (Va. Ct. App. Feb. 16, 2021) (order); *Anderson v. Commonwealth*, No. 0520-22-3 (Va. Ct. App. May 4, 2022) (order). Anderson has also filed other petitions for post-conviction relief in both state and federal courts.

In the current action Anderson filed a motion to vacate, arguing that his convictions were void ab initio because they are not supported by sufficient evidence. The trial court denied the motion without a hearing by order entered on June 10, 2022, and Anderson appeals.

ANALYSIS

Anderson argues that the evidence was insufficient to support his convictions. He contends that the contraband images were found in "unallocated space" on his computer, evidence of internet searches did not prove he possessed any images, the presence of deleted images did not demonstrate that he possessed those images, and the evidence did not "conform with" the statute.[1] Thus, he asserts that the trial court committed "plain error," and he asks us to vacate his convictions.

"All final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1(a). "On its face, Rule 1:1 terminates a court's jurisdiction twenty-one days after entry of a final order." *Martinez v. Commonwealth*, 71 Va. App. 318, 326-27 (2019). Without an express order, "the case will no longer be under the control of the trial court when the original twenty-one day time period has run." *Super Fresh*

---

[1] Anderson also asserts that the trial court erred by denying his motion to vacate without first conducting a hearing on the motion. For reasons that follow, we hold that the trial court did not have jurisdiction to consider the motion to vacate, and thus we do not reach this assignment of error.

*Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 562 (2002). No such order was entered here. Thus, any action taken after the 21-day period expires "is a nullity." *Minor v. Commonwealth*, 66 Va. App. 728, 739-40 (2016).

Anderson's argument ignores the effect of Rule 1:1(a). "Expiration of the twenty-one day time limitation divests the trial court of jurisdiction." *Stokes v. Commonwealth*, 61 Va. App. 388, 392 (2013) (quoting *Ziats v. Commonwealth*, 42 Va. App. 133, 138 (2003)). Anderson filed the motion to vacate well after the expiration of the 21-day jurisdictional window defined by Rule 1:1(a). The record does not reveal, and Anderson has provided no basis to conclude, that an exception to Rule 1:1(a) applies. Accordingly, the trial court did not have jurisdiction to grant Anderson the relief he requested. "[W]e have jurisdiction to consider his appeal only if the trial court had jurisdiction to entertain the underlying motion." *Minor*, 66 Va. App. at 738 (dismissing appeal because trial court no longer had jurisdiction over the case when it considered defendant's motion to withdraw his guilty pleas). Since the trial court no longer had jurisdiction over the case to consider Anderson's motion, we lack jurisdiction to consider this appeal.

"Jurisdiction . . . is the power to adjudicate a case upon the merits and dispose of it as justice may require." *Pure Presbyterian Church of Washington v. Grace of God Presbyterian Church*, 296 Va. 42, 49 (2018) (alteration in original) (quoting *Shelton v. Sydnor*, 126 Va. 625, 629 (1920)). "Neither the consent of the parties, nor waiver, nor acquiescence can confer it." *Id.* (quoting *Humphreys v. Commonwealth*, 186 Va. 765, 772 (1947)). "[T]he lack of subject matter jurisdiction can be raised at any time in the proceedings, even for the first time on appeal by the court *sua sponte*." *Holden v. Commonwealth*, 26 Va. App. 403, 407 (1998) (quoting *Morrison v. Bestler*, 239 Va. 166, 170 (1990)).

The trial court lacked subject matter jurisdiction to grant the relief sought. Accordingly, we must vacate the denial order appealed from and remand the case to the circuit court with

instructions to vacate the June 10, 2022 order and dismiss Anderson's motion for lack of subject matter jurisdiction.

## CONCLUSION

The trial court lacked subject matter jurisdiction to grant the relief Anderson sought. We dismiss the appeal and remand the order appealed from so that the trial court may vacate it and dismiss Anderson's motion for lack of subject matter jurisdiction.

*Dismissed.*