COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Fulton, Friedman and Chaney

TONY BRYAN SMITH

v.     Record No. 0945-22-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
SEPTEMBER 26, 2023

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Leslie L. Lilley, Judge

(Tony Bryan Smith, on briefs), *pro se*.

(Jason S. Miyares, Attorney General; Leah A. Darron, Senior
Assistant Attorney General, on brief), for appellee.

Appellant, Tony Bryan Smith, challenges the order of the trial court denying his

post-conviction motion to vacate his convictions for an alleged fraud on the court. After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

A jury convicted Tony Bryan Smith of aggravated malicious wounding and conspiracy.

By final order entered May 13, 2011, the trial court sentenced Smith to a total of 50 years'

imprisonment. This Court denied Smith's petition for appeal. *See Smith v. Commonwealth*,

No. 1287-11-1 (Va. Ct. App. Apr. 12, 2012) (order). The Supreme Court of Virginia dismissed

Smith's further appeal. *See Smith v. Commonwealth*, No. 120774 (Va. Nov. 27, 2012) (order).

The record also reflects several petitions for writs of habeas corpus and post-conviction motions.

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

On January 6, 2022, Smith filed a motion to vacate his convictions in the trial court. Smith alleged that his convictions were void because they had been procured by extrinsic fraud. Specifically, Smith alleged that the Commonwealth, Virginia Beach police, and the magistrate sought to violate his Fifth Amendment rights by using an unsigned warrant to secure his arrest. Smith further alleged that the Commonwealth presented perjured testimony to the grand jury to secure indictments and that officers of the Commonwealth perpetrated a fraud on Texas courts to secure Smith's extradition because the arrest warrant was not based on probable cause.

The trial court noted that the instant motion to vacate constituted Smith's fifth such post-conviction filing. Having addressed Smith's contentions in its previous orders, which the trial court incorporated by reference, the trial court denied the motion. The court's prior orders had held that Smith failed to establish extrinsic fraud, orders of March 15, 2018, and January 14, 2021, and his allegations "could have been raised and adjudicated at defendant's trial and upon his appeal," order of July 17, 2018. Smith timely appealed the trial court's order.

ANALYSIS

Whether a circuit court has jurisdiction over a particular matter is a question of law that this Court reviews de novo on appeal. *See Reaves v. Tucker*, 67 Va. App. 719, 727 (2017). "Jurisdiction . . . is the power to adjudicate a case upon the merits and dispose of it as justice may require." *Pure Presbyterian Church of Washington v. Grace of God Presbyterian Church*, 296 Va. 42, 49 (2018) (alteration in original) (quoting *Shelton v. Sydnor*, 126 Va. 625, 629 (1920)). "[F]or a court to have the authority to adjudicate a particular case upon the merits," it must possess subject matter jurisdiction. *Id.*

"All final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and *no longer*." Rule 1:1(a) (emphasis added). "Judgments that are void,

- 2 -

however, may be attacked in any court at any time, directly or collaterally, and thus are not encompassed by Rule 1:1." *Rook v. Rook*, 233 Va. 92, 95 (1987). A judgment that has been procured by extrinsic or collateral fraud is void. *Id.* Smith invokes Code § 8.01-428(D), arguing—as he did below—that his convictions are void because the arrest warrant used to secure his extradition from Texas was unsigned and witnesses perjured themselves before the grand jury to secure the indictments against him.

When addressing challenges to otherwise final judgments based on an alleged fraud on the court, our Supreme Court has long distinguished between *intrinsic* fraud and *extrinsic* fraud. It is well-established that "[t]he judgment of a court, procured by *intrinsic* fraud, *i.e.*, by perjury, forged documents, or other incidents of trial related to issues material to the judgment, is *voidable* by direct attack at any time before the judgment becomes final." *State Farm Mut. Auto. Ins. Co. v. Remley*, 270 Va. 209, 218 (2005) (alteration in original) (quoting *Jones v. Willard*, 224 Va. 602, 607 (1983)). By contrast, "the judgment of a court, procured by *extrinsic* fraud, *i.e.*, by conduct which prevents a fair submission of the controversy to the court, is *void* and subject to attack, direct or collateral, at any time." *Id.*

Smith's claim for relief rests on allegations of *intrinsic* fraud—the allegedly unsigned arrest warrant and perjured testimony—that were directly related to the issues actually determined in the trial court. *See Rowe v. Big Sandy Coal Corp.*, 197 Va. 136, 143 (1955). In fact, the record includes a copy of the unsigned arrest warrant bearing an exhibit sticker dated August 11, 2009, long before the trial court entered judgment against Smith. Thus, nothing "prevented a fair submission of the controversy to the court." *Id.*

Claims of intrinsic fraud render a judgment merely voidable and, thus, subject to Rule 1:1. *See Singh v. Mooney*, 261 Va. 48, 54 (2001). As noted above, the trial court entered final judgment in Smith's case on May 13, 2011. The trial court, therefore, lacked jurisdiction under

Rule 1:1(a) to grant Smith relief once it determined that Smith's claim did not address an extrinsic fraud.

A court "always has jurisdiction to determine whether it has subject matter jurisdiction." *Pure Presbyterian*, 296 Va. at 50 (quoting *Morrison v. Bestler*, 239 Va. 166, 170 (1990)). But "[o]nce a court determines that it lacks subject matter jurisdiction, 'the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Id.* (quoting *Ex Parte McCardle*, 74 U.S. 506, 514 (1868)).

## CONCLUSION

The trial court correctly determined that it lacked jurisdiction to consider Smith's motion because the judgment was not void. Accordingly, we affirm.

*Affirmed.*