COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges O'Brien, Ortiz and Senior Judge Haley

ERIC GRUENINGER

MEMORANDUM OPINION*
v.      Record No. 0177-23-2                         PER CURIAM
                                                    OCTOBER 3, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF HANOVER COUNTY
Sarah L. Deneke, Judge

(Eric Grueninger, on briefs), *pro se.*

(Jason S. Miyares, Attorney General; Mason D. Williams, Assistant
Attorney General, on brief), for appellee. Appellee submitting on
brief.

This appeal raises the question of whether the trial court erred in summarily dismissing Eric

Grueninger's motion to vacate his 2017 convictions on four counts of taking indecent liberties with

a child, two counts of aggravated sexual battery, three counts of forcible sodomy, four counts of

object sexual penetration, and one count of rape. By order entered January 5, 2023, the trial court

found that it did not have jurisdiction to consider Grueninger's motion and dismissed it. After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a).

BACKGROUND

In 2009, Grueninger was indicted in the Circuit Court of Hanover County on ten charges

pertaining to the sexual abuse of his daughter and ten charges relating to his possession and

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

distribution of child pornography.[1]  He was convicted of those charges on November 19, 2009, and the trial court thereafter imposed a sentence of 235 years in prison, with 147 years suspended.  On February 9, 2016, Grueninger's sexual abuse convictions were vacated and remanded by the Fourth Circuit Court of Appeals in a federal habeas litigation.  *See Grueninger v. Dir., Va. Dep't of Corrs.*, 813 F.3d 517 (4th Cir. 2016).

On July 19, 2016, the Commonwealth re-indicted Grueninger on the sexual abuse charges and then on February 21, 2017, added four additional indictments.  The Commonwealth later withdrew the July 19, 2016 indictments in order to proceed instead on the original indictments from 2009 together with the new February 21, 2017 indictments.  On May 25 and 26, 2017, Grueninger was tried by a jury and convicted on the same ten 2009 indictments and on the four new 2017 indictments.  On January 3, 2018, the trial court entered a final order, sentencing Grueninger to 8 life sentences plus 80 years, with none of that time suspended.

Grueninger filed a petition for appeal in this Court and was thereafter awarded an appeal on one of his assignments of error.  Specifically, this Court awarded an appeal on Grueninger's assertion that "[t]he trial court erred by trying and sentencing [Grueninger] twice for the same indictments in violation of double jeopardy."  On November 13, 2019, this Court dismissed Grueninger's appeal because his opening brief failed to contain any argument pertaining to the granted assignment of error.

On September 13, 2022, Grueninger filed a motion to vacate his 2017 convictions, alleging that the trial court lacked subject matter jurisdiction to bring his case to trial in 2017 because the trial court violated his speedy trial, double jeopardy, and due process rights during his retrial.  By order entered January 5, 2023, the trial court dismissed Grueninger's motion without a hearing,

---

[1] The child pornography indictments do not appear in the record.

finding that it no longer had jurisdiction over his convictions pursuant to Rule 1:1 of the Rules of the Virginia Supreme Court. Grueninger noted this appeal.

ANALYSIS

Grueninger contends that the trial court erred in finding it did not have jurisdiction to consider his motion to vacate his convictions. Specifically, Grueninger asserts that the retrial of his 2009 indictments violated principles governing double jeopardy and his speedy trial rights and invoked concern over prosecutorial vindictiveness and misconduct, rendering his 2017 trial void ab initio. He therefore concludes that, notwithstanding Rule 1:1, the trial court was required to consider his motion to vacate the 2017 convictions, and he asks this Court to remand the matter to the trial court for a hearing on the merits. For the following reasons, we affirm the trial court's dismissal of Grueninger's motion.

"Jurisdiction . . . is the power to adjudicate a case upon the merits and dispose of it as justice may require." *Pure Presbyterian Church of Washington v. Grace of God Presbyterian Church*, 296 Va. 42, 49 (2018) (ellipsis in original) (quoting *Shelton v. Sydnor*, 126 Va. 625, 629 (1920)). To do so, the court must first possess subject matter jurisdiction. *Id.* Subject matter jurisdiction is "the authority granted through constitution or statute to adjudicate a class of cases or controversies." *Bd. of Supervisors of Fairfax Cnty. v. Bd. of Zoning Appeals of Fairfax Cnty.*, 271 Va. 336, 344 (2006) (quoting *Morrison v. Bestler*, 239 Va. 166, 169 (1990)). Decisions rendered by courts without subject matter jurisdiction are void ab initio, *Cilwa v. Commonwealth*, 298 Va. 259, 266 (2019), and, as such, can be attacked by anyone, at any time, and by any method, *Singh v. Mooney*, 261 Va. 48, 52 (2001). "A challenge to a trial court's jurisdiction is a question of law that is reviewed *de novo* on appeal." *Reaves v. Tucker*, 67 Va. App. 719, 727 (2017).

Grueninger asserts that the trial court did not have subject matter jurisdiction over his trial in 2017 and, thus, that his convictions are void ab initio and subject to attack at any time. We cannot

agree. "[W]hether an alleged error by a trial court renders its order void ab initio or merely voidable turns on the subtle, but crucial, distinction deeply embedded in Virginia law 'between a court lacking jurisdiction to act upon a matter and the court, while properly having jurisdiction, nonetheless erring in its judgment.'" *Jones v. Commonwealth*, 293 Va. 29, 46 (2017) (quoting *Kelley v. Stamos*, 285 Va. 68, 75 (2013)). "In this context, a matter is void either because it has been null from the beginning (void ab initio) or because it is declared null although seemingly valid until that point in time (voidable)." *Id.* (quoting *Nelson v. Warden*, 262 Va. 276, 285 (2001)). "This distinction guards against the improper elevation of a court's failure 'to comply with the requirements for exercising its authority to the same level of gravity as a lack of subject matter jurisdiction.'" *Id.* at 47 (quoting *Nelson*, 262 Va. at 281). "In this sense, a trial court has 'jurisdiction to err' just as an appellate court has jurisdiction to correct such errors." *Id.* (quoting *Parrish v. Jessee*, 250 Va. 514, 521 (1995)).

> As subtle as this distinction may be, it has a sharp impact on criminal cases. If a criminal defendant fails to preserve an issue in the trial court, he can waive claimed violations of his constitutional right to be free of unreasonable searches and seizures under the Fourth Amendment, of his *Miranda* rights under the Fifth Amendment, of his confrontation and speedy trial rights under the Sixth Amendment, and even of his right to a jury trial under the Sixth Amendment. None of these claims, even if conceded to be valid, renders the underlying judgment void ab initio. Procedural default principles, including Rules 5:25 and 5A:18, still apply, as do traditional finality principles protecting judgments no longer within the trial court's active jurisdiction.

*Id.* at 47-48 (footnotes omitted). Thus, the mere assertion that a judgment is void ab initio does not make it so. Indeed, "[o]ne consequence of the non-waivable nature of the requirement of subject matter jurisdiction is that attempts are sometimes made to mischaracterize other serious procedural errors as defects in subject matter jurisdiction to gain an opportunity for review of matters not otherwise preserved." *Morrison*, 239 Va. at 170.

In this case, Grueninger was tried by the Hanover County Circuit Court for felony offenses he committed against his daughter. Even assuming the trial court erred in refusing to dismiss the indictments over double jeopardy and speedy trial violations and on allegations of prosecutorial misconduct, the fact remains that the trial court at all times retained subject matter jurisdiction over the felony indictments that were before it. "[C]ircuit courts have subject-matter jurisdiction to try, convict, and impose sentence for all felonies." *Watson v. Commonwealth*, 297 Va. 347, 353 (2019). Thus, the alleged error of the trial court to rule correctly and favorably on his pretrial motions in 2017, even if proved, did not divest the trial court of its subject matter jurisdiction, rendering Grueninger's trial void ab initio. At most, the trial court's alleged error was the subject matter of a properly noted appeal in this Court. The 2017 convictions were therefore not, as Grueninger contends, a nullity subject to attack at any time. At best, they were voidable.

"All final judgments, orders, and decrees . . . remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, *and no longer*." Rule 1:1(a) (emphasis added). That rule is "mandatory in order to assure the certainty and stability that the finality of judgments brings. Once a final judgment has been entered and the twenty-one day time period of Rule 1:1 has expired, the trial court is thereafter without jurisdiction in the case." *Super Fresh Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 563 (2002). Although the 21-day period prescribed by Rule 1:1 may be interrupted by an order modifying, vacating, or suspending the final order, such an order must be entered within 21 days. *Id.* at 560. Otherwise, "the twenty-one day time period is not interrupted, and the case will no longer be under the control of the trial court when the original twenty-one day time period has run." *Id.* at 562. "Neither the filing of post-trial or post-judgment motions, nor the trial court's taking such motions under consideration, nor the pendency of such motions on the twenty-first day after final judgment, is sufficient to toll or extend the running of the twenty-one day time period of Rule 1:1." *Id.* at 560.

In this case, Grueninger did not ask for an order tolling or extending the 2017 conviction order and the trial court did not enter one. The convictions, thus, became final 21 days after entry of the January 3, 2018 sentencing order, and the trial court lost jurisdiction over the case. "Expiration of the twenty-one day time limitation divests the trial court of jurisdiction." *Stokes v. Commonwealth*, 61 Va. App. 388, 392 (2013) (quoting *Ziats v. Commonwealth*, 42 Va. App. 133, 138 (2003)). Accordingly, although the trial court did have subject matter jurisdiction over Grueninger's 2017 trial, it correctly found that it did not have jurisdiction to consider Grueninger's 2022 motion to vacate his 2017 convictions. It follows that the trial court did not abuse its discretion in dismissing Grueninger's motion.

## CONCLUSION

Because the trial court lost jurisdiction to consider any post-trial motions pertaining to Grueninger's case in 2018 pursuant to Rule 1:1, it did not abuse its discretion in dismissing his 2022 motion to vacate his 2017 convictions. The trial court's dismissal order is affirmed.

*Affirmed.*