## CIRCUIT COURT OF FAIRFAX COUNTY

Lueker

v.

Rel Tech Group, Inc., et al.

June 13, 1991

Case No. (Chancery) 120301

By JUDGE MICHAEL P. McWEENY

This case is before the Court on defendants' Demurrer to the Bill of Complaint. After hearing oral argument, the Court took the matter under advisement. For the reasons set forth below, the Demurrer is sustained in part and overruled in part.

### Counts I and II

In their written Demurrer, defendants contend that Count I and II of the Bill of Complaint are moot, having been resolved by Consent Order prior to service of the Bill of Complaint. At oral argument, though, defendants withdrew their argument against the Counts, stating that the matter had been resolved. Therefore, the Court will not rule on the issue. The Court does note, however, that a demurrer tests only the legal sufficiency of the Bill of Complaint. *Elliott v. Shore Stop, Inc.*, 238 Va. 237,

239 (1989). Hence, the Court could not decide on demurrer whether the Consent Order, which is not a part of the Bill of Complaint, renders Counts I and II moot.

*Count III*

Defendants demur to Count II, Breach of Fiduciary Duty, for several reasons: (1) there is no cause of action against the individual defendants as they owe no duty to the plaintiff; (2) there is no cause of action against the corporate defendants; (3) plaintiff has failed to properly initiate or plead a stockholder's derivative suit; and (4) the relief requested in paragraphs (4) and (9) of the Prayer for Relief are inappropriate under the law.

Officers of a corporation owe the same duties of fidelity in dealing with the corporation as between a trustee and beneficiary of the trust. *Giannotti v. Hamway*, 239 Va. 14, 24 (1990). Additionally, corporate officers and directors have a fiduciary duty in their dealings with shareholders and must exercise good faith in such dealings. *Glass v. Glass*, 228 Va. 39, 47 (1984); *Adelman v. Conotti Corporation*, 215 Va. 782, 790 (1975). Therefore, the individual defendants in this case, who are alleged to be officers and directors of the corporation, do owe a fiduciary duty to both plaintiff in his status as a shareholder of the corporation and to the corporation. The demurrer is thus overruled on this ground.

The demurrer to Count III is sustained, however, as to the remaining grounds. The relief requested in paragraphs (4) and (9) of the Prayer for Relief is deemed to be inappropriate. There appears to be no legal basis for the Court to order these remedies relating to the internal workings of the corporation, and the plaintiff has offered no authority to the Court which would provide it with such a basis.

Further, if the plaintiff is suing as an individual for breach of fiduciary duty, then the corporate defendant would be improperly joined as parties unless the corporation breached some duty they owed to the plaintiff. If, however, the plaintiff is suing derivatively, the corporation would be properly named as defendant. 19 Am. Jur. 2d *Corporation* sect. 2251. The corporation on whose behalf an action

is brought by a stockholder to redress a wrong to the corporation is the real party in interest, and the stockholder who brings the suit is only a nominal plaintiff. *Id.* In the present case, it is difficult to tell whether the plaintiff is suing individually or derivatively. While the paragraphs on demand are necessary in a derivative suit, *see* Va. Code § 13.1-672, the plaintiff alleges both wrongs to himself and to the corporation. The damages sought by the plaintiff appear only to be directed to his individual recovery. As it is unclear what type of action is set forth in Count III, the demurrer is sustained.

*Count IV*

Defendants demur to Count IV, Breach of Contract, for two reasons. First, the Bill of Complaint sets forth no cause of action against the individual defendants, and therefore, the relief sought against them in paragraph (6) is inappropriate. Second, the Bill of Complaint does not set forth the terms and conditions of the alleged oral contract, including the date of and parties to the Contract. The demurrer to Count IV is overruled as to both grounds.

The Bill of Complaint alleges that there was an oral agreement between plaintiff and the defendants. Therefore, all defendants are alleged to be parties to the breached agreement, including the individual defendants. Whether they are in fact parties is not an issue for demurrer. A demurrer does not reach the merits of a claim; it merely tests the legal sufficiency of the pleading. It admits the truth of all material facts properly plead. *Bowman v. State Bank of Keysville*, 229 Va. 534, 536 (1985).

The terms of the contract and date are also set forth in the Bill of Complaint. The contract is alleged to have run from February 11, 1988, to December 31, 1990. The terms and conditions of this contract included plaintiff's serving various roles as director and officer and his responsibility for product development in return for a monthly salary and paid vacation. The existence of the contract and its terms have been adequately alleged. If more details are desired, defendants may file a Motion for a Bill of Particulars.

### Attorney's Fees

Defendants demur to all Counts to the extent that attorney's fees are requested. The Virginia courts adhere to the "American rule"; *i.e.*, ordinarily, attorney's fees are not recoverable by a prevailing litigant in the absence of a specific contractual or statutory provision to the contrary. *Lannon v. Lee Conner Realty Corp.*, 238 Va. 590, 594 (1989). Since the Bill of Complaint does not affirmatively allege such a statutory or contractual basis, the demurrer to the attorney's fees request will be sustained.

### Jurisdiction

At oral argument, defendant questioned the jurisdiction of this Court to dissolve a foreign corporation. Although this issue was not raised in the written demurrer and therefore technically not before the Court, the Court is able to address questions relating to this jurisdiction over the subject matter of the suit at any time. In the present situation, the Court finds that it does not have jurisdiction to grant the relief requested in paragraph (6) of the Prayer for Relief.

The existence of a corporation cannot be involuntarily dissolved except by the act of a sovereign power by which it was created. 19 Am. Jur. 2d *Corporations* § 2734. Accordingly, the courts of one state do not have the power to dissolve a corporation created by the laws of another state. *Id.*; *see also, Taylor v. Mutual etc. Life Ass'n*, 97 Va. 60, 67 (1899). While Va. Code § 13.1-747 provides that the Circuit Court located where the corporation has its principal office has *venue* over a dissolution proceeding, that section does not confer subject matter jurisdiction to involuntarily dissolve a foreign corporation, notwithstanding the local presence of its principal office.

At oral argument, the defendants also noted that the Prayer for Relief does not separate out the damages relating to the different Counts and defendants. While this argument may have merit, it cannot be ruled upon as it was not properly raised. The specific grounds for demurrer must be set forth in the *written* pleading. *See* Va. Code § 8.01-273. Since leave to amend is granted as to the previous issues, however, it is recommended that

this stylistic problem be resolved in the Amended Bill of Complaint.