423 S.E.2d 889

**Charles W. YOUNG, Appellant,**

v.

**JCR PETROLEUM, INC., a Foreign Corporation; J.R. Barati; and Jerry L. Willey, Appellees.**

**Nos. 21010, 21137.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 23, 1992.

Decided Nov. 12, 1992.

---

James Wilson Douglas, Sutton, for appellant.

John E. Lutz, Dodson, Riccardi & Lutz, Charleston, for appellees.

NEELY, Justice:

This is a certified question from the Circuit Court of Clay County that asks us whether the courts of the State of West Virginia have the power to dissolve corporations that are incorporated under the laws of another state. We hold that neither *W. Va. Code* 31–1–41 [1974] nor *W. Va. Code* 31–1–134 [1974] grants the courts such a power.

I.

Charles W. Young, J.R. Barati, and Jerry L. Willey own JCR Petroleum in its entirety, owning 40 percent, 40 percent, and 20 percent of the shares, respectively. JCR Petroleum, Inc. was incorporated in the State of Ohio on or about 8 September 1988. Despite its Ohio incorporation, nearly all of JCR Petroleum's assets (including oil leaseholds and drilling equipment) are located in West Virginia; similarly, two of the three owners are West Virginia residents.

Mr. Barati and Mr. Willey allegedly joined together in a managerial alliance, to "freeze-out" Mr. Young. In addition to this "freeze-out" from managerial deci-

sions, Mr. Young also alleges that Mr. Barati and Mr. Willey harassed Mr. Young on several occasions. To protect himself from this allegedly malevolent alliance, Mr. Young asked the Circuit Court of Clay County to dissolve the corporation under *W. Va. Code* 31–1–41 [1974] and *W. Va. Code* 31–1–134 [1974].

■ The Circuit Court of Clay County certified the following question to this Court:

Does a West Virginia Circuit Court have jurisdiction to involuntarily dissolve a foreign corporation under West Virginia Code §§ 31–1–41 and/or 31–1–134?

The circuit court proceeded with the case despite the certification of this question. On 17 January 1992 the circuit court dissolved the attachments it had imposed upon defendants.[1] On 4 March 1992 we ordered a stay of the circuit court's order pending our hearing on the certified question. On 24 September, after hearing oral arguments, we immediately dissolved the stay of the circuit court proceedings so that the attachments could be lifted.

II.

*W. Va. Code* 31–1–6(f) [1976] provides:

As used in part one [§§ 31–1–1 to 31–1–5] and part two [§§ 31–1–6 to 31–1–76] of this article, "corporation" or "domestic corporation" means a business corporation or a nonprofit corporation, subject to the provisions of this article, except a foreign corporation.

Therefore, the dissolution provisions of the *West Virginia Code, W. Va. Code* 31–1–40, *et seq.* [1974] (including *W. Va. Code* 31–1–41) apply only to corporations that are incorporated in West Virginia, not to corporations that are incorporated elsewhere.

■ However, there is no clear *Code* provision that defines the meaning of "corporation" as used in *W. Va. Code* 31–1–134

---

1. In its order entered 17 January 1992, the circuit court held:

The [Circuit] Court [of Clay County] further understands that its ruling regarding its lack of authority to involuntarily dissolve a foreign corporation has been certified to the West Virginia Supreme Court of Appeals and, as

such, is subject to the "stay" provisions of § 58–5–2 of the West Virginia Code. However, the Court is of the opinion that its instant decision to dissolve the prejudgment attachment is one that corrects an, act that was impermissible in the first instance.

[1974].[2] At first blush, this section might appear to allow the courts of West Virginia to dissolve foreign corporations. Mr. Young argues that the phrase "if there be no such office in this State" in *W. Va. Code* 31-1-134 [1974] means that the legislature intended to grant West Virginia courts the power to dissolve out-of-state corporations. However, the purpose of that phrase is just the opposite. That phrase is designed to permit stockholders in a West Virginia corporation to sue for "winding up" of that corporation in West Virginia courts, even if the West Virginia corporation has its principal place of business elsewhere; the purpose is not to permit West Virginia courts to dissolve corporations incorporated in other states that do business in West Virginia. Furthermore:

'A statute should be so read and applied as to make it accord with the spirit, purposes and objects of the general system of law of which it is intended to form a part: it being presumed that the legislators who drafted and passed it were familiar with all existing law applicable to the subject matter, whether constitutional, statutory or common, and intended the statute to harmonize completely with the same and aid in the effectuation of the general purpose and design thereof, if its terms are consistent therewith.'

Syl. pt. 5, *State v. Snyder*, 64 W.Va. 659, 63 S.E. 385 (1908).

Syl. pt. 1, *State ex rel. Simpkins v. Harvey*, 172 W.Va. 312, 305 S.E.2d 268 (1983).

■ "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State," *U.S. Const.*, Art. IV. The Full Faith and Credit clause of the U.S. *Constitution* requires each state to respect the sovereign acts of the other states. The creation and dissolution of a corporation is one such act:

Since a corporation is a creature of the state by which it is chartered, the right to dissolve the corporation without its consent belongs exclusively to the state. The existence of a corporation cannot be terminated except by some act of the sovereign power by which it was created. Accordingly, *the courts of one state do not have the power to dissolve a corporation created by the laws of another state.*

19 Am.Jur.2d *Corporations* § 2734 (1986) (*citing, State v. Dyer*, 145 Tex. 586, 200 S.W.2d 813 (1947); *Leventhal v. Atlantic Finance Corp.*, 316 Mass. 194, 55 N.E.2d 20, 154 A.L.R. 260 (1944); *Smith v. Atlantic Properties, Inc.*, 12 Mass.App. 201, 422 N.E.2d 798 (1981)). *Accord, Spurlock v. Santa Fe Pacific R. Co.*, 143 Ariz. 469, 694 P.2d 299, *cert. denied*, 472 U.S. 1032, 105 S.Ct. 3513, 87 L.Ed.2d 642 (1985) ("No court can declare a forfeiture of franchise or a dissolution of a corporation except the courts of the jurisdiction which created it." [citation omitted]). *See also*, Guthrie, Annotation, *Dissolving or Winding up Affairs of Corporation Domiciled in Another State*, 19 A.L.R.3d 1279 (1968).

■ In order to interpret *W. Va. Code* 31-1-134 [1974] consistently with the U.S. *Constitution* and with the common law, we must conclude that the legislature did not intend to authorize the courts of the State of West Virginia to order the dissolution of a corporation that is incorporated in another state. Thus, we conclude that the term "corporation" as used in *W. Va. Code* 31-1-134 [1974] with regard to dissolution, must refer only to domestic corporations.

The answer to the certified question is, therefore, that West Virginia Circuit Courts *do not* have jurisdiction to dissolve

---

2. *W. Va. Code* 31-1-134 [1974] provides, in part: If not less than one fifth in interest of the shareholders of a corporation desire to wind up its affairs, they may apply by complaint to the circuit court of the county in which the principal office of such corporation is situated, or, if there be no such office in this State, to the circuit court of the county in which the other shareholders, or any one or more of them, reside or are found, or in which the property of such corporation or any part of it may be, setting forth in the complaint the grounds of their application, and the court may thereupon proceed according the principles and usages of law and equity to hear the matter, and, if sufficient cause therefor be shown, to order a dissolution of the corporation and make such orders and judgments, and award such injunctions as justice and right may require.

foreign corporations under either *W.Va. Code* 31–1–41 or 31–1–134 [1974].

### III.

 Barring exigent circumstances, once a question is certified to this Court, all proceedings must be stayed in the circuit court pending the answer from this Court. Under *W.Va.Code* 58–5–2 [1967]:

> Any question arising upon the sufficiency of a summons or return of service upon a challenge of sufficiency of a motion for summary judgment where such motion is denied, or a motion for judgment on the pleadings, upon the jurisdiction of the circuit court or a person or subject matter, or upon failure to join an indispensable party, in any case within the appellate jurisdiction of the supreme court of appeals, may, in the discretion of the circuit court in which it arises, and shall, on the joint application of the parties to the suit, in beneficial interest, be certified by it to the supreme court of appeals for its decision, *and further proceedings in the case stayed until such question shall have been decided and the decision thereof certified back.* [Emphasis added]

We have consistently interpreted this section to mean exactly what it says, that *all proceedings are to be stayed until the answer is certified back.* *Smith v. Winters,* 146 W.Va. 1018, 124 S.E.2d 240 (1962) ("In a case properly certified to the supreme court of appeals, the proceedings are stayed until the answer is certified back."); *Van Gilder v. Morgantown,* 136 W.Va. 831, 68 S.E.2d 746 (1949) ("This section requires that upon certification the further proceedings in the case be stayed until the decision is certified back").

 Unless matters of great urgency arise that were unforseen at the time the question was certified and that need to be addressed in order to avoid substantial injustice, the circuit court is not to conduct further proceedings. In the event of an emergency, the circuit court must make a specific finding justifying the violation of the statutory stay so that the court's ruling can be reviewed in this Court.

### IV.

Accordingly, the certified question having been answered, this case is ordered dismissed from the docket of this Court, and certified back to the Circuit Court of Clay County.

Certified questions answered.