437 S.E.2d 267

James I. MYERS, Petitioner
Below, Appellee,

v.

Jane L. CLINE, Commissioner of the
Department of Motor Vehicles,
Respondent Below, Appellant.

No. 21563.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 15, 1993.

Decided Oct. 28, 1993.

Kenneth H. Fisher, Huntington, for appellee.

Darrell V. McGraw, Jr., Atty. Gen., Paul E. Jordan, Sr. Asst. Atty. Gen., Charleston, for appellant.

## PER CURIAM:

Jane L. Cline, Commissioner of the West Virginia Division of Motor Vehicles, appeals an order of the Circuit Court of Cabell County that reversed her order suspending the operator's license of James I. Myers for 90 days and revoking the registration of Mr. Myers' vehicle for failure to maintain the required security (*i.e.* compulsory insurance) upon a motor vehicle pursuant to *W.Va.Code* 17D–2A–1 [1981] *et seq.*[1] On appeal, the Commissioner maintains that the circuit court incorrectly found that Mr. Myers' vehicle was a seasonal use vehicle and, therefore, exempt from the compulsory insurance provisions. Because Mr. Myers' vehicle was not

---

1. Although in 1990, the Legislature amended *W.Va.Code* 17D–2A–7 to reduce the period of suspension for violation of the compulsory insur- ance law from 90 days to 30 days, the present case arose before the amendment.

exempt from the compulsory insurance provisions, we reverse the order of the circuit court and reinstate the Commissioner's order suspending Mr. Myers' operator's license and revoking the registration of Mr. Myers' vehicle.

On May 31, 1989, Mr. Myers' vehicle, a 1976 Kawasaki motorcycle, was involved in an accident. At the time of the accident the Kawasaki motorcycle, bearing West Virginia license tag registration C25616, was driven by Mike K. Marsh. After the Division received the accident report noting the lack of insurance coverage on the Kawasaki motorcycle, the Division issued a preliminary order suspending Mr. Myers' operator's license and revoking the vehicle registration until proof of insurance is shown.

At a hearing requested by Mr. Myers, he testified that he owned both the Kawasaki motorcycle and a 1966 Honda motorcycle and that he had placed the license plate issued for the Honda motorcycle on the Kawasaki motorcycle. According to Mr. Myers, he intended to sell the Honda and, then, transfer both the Honda's license plate and insurance to the Kawasaki. Mr. Myers said that on May 31, 1989, Mr. Marsh, a prospective purchaser of the Honda, visited him and "took the Honda and then also while he was there he looked at the Kawasaki and he seemed to be more interested in the Kawasaki, uh, and he started it up...." Mr. Myers allegedly told Mr. Marsh that the Kawasaki motorcycle was not to be taken out of his yard because it was not properly registered or insured. However, when Mr. Myers talked to a person who came with Mr. Marsh, Mr. Marsh put the Kawasaki motorcycle in gear, drove down the street and was involved in the accident. Mr. Myers also testified that he had not operated the Kawasaki motorcycle on the public streets before May 31, 1989.

On July 3, 1991, the Commissioner issued a final order suspending Mr. Myers' operator's license for 90 days and revoking the vehicle registration until proof of insurance is provided. In his appeal to the circuit court, Mr. Myers argued that his Kawasaki motorcycle was exempt from the compulsory insurance requirement because it was "a periodic or seasonal vehicle." The circuit court found that the Commissioner had misapplied the facts and that Mr. Myers fell within the

exemption found in *W.Va.Code* 17D–2A–3 [1988] to the compulsory insurance requirement. Alleging that the exemption does not apply to Mr. Myers' Kawasaki motorcycle, the Commissioner appealed to this Court.

## I

"Since the enactment of W.Va.Code, 17D–2A–1, *et seq.* (1981), our Motor Vehicle Safety Responsibility Law is designed to require mandatory insurance coverage for motor vehicles owned in this State." Syl. Pt. 2, *State Farm Mutual Auto. Ins. Co. v. Universal Underwriters Ins. Co,* 181 W.Va. 609, 383 S.E.2d 791 (1989). *See also Vanmeter v. W. Va. Dept. of Motor Vehicles,* 173 W.Va. 129, 313 S.E.2d 405 (1984); *Universal Underwriters Ins. Co. v. Taylor,* 185 W.Va. 606, 608, 408 S.E.2d 358, 360 (1991) (discussing the extent of mandatory omnibus insurance coverage of *W.Va.Code* 33–6–31(a) [1988] for persons who use a vehicle with the owner's consent, either expressed or implied). The purpose of the legal requirement for insurance is "to promote the public welfare." *W.Va.Code* 17D–2A–1 [1981]. The security requirement is specifically outlined in *W.Va. Code* 17D–2A–3 [1988], which states, in pertinent part:

Every owner or registrant of a motor vehicle required to be registered and licensed in this state shall maintain security as hereinafter provided in effect continuously throughout the registration or licensing period except in case of a periodic use or seasonal vehicle, in which case the owner or registrant is required to maintain security upon the vehicle only for the portion of the year the vehicle is in actual use. As used in this section, a periodic use or seasonal vehicle means a recreational vehicle, antique motor vehicle, motorcycle or other motor vehicle which is stored part of the year and used seasonally.

Under *W.Va.Code* 17D–2A–3 [1988], the security requirement applies to motor vehicles required to be registered and licensed in this state with a limited exception for seasonal or periodic use vehicles. *W.Va.Code* 17A–3–2(a) [1992] subjects every motor vehicle "when driven or moved upon a highway" to the provisions requiring registration and certification of title. *W.Va.Code* 17A–3–2(a) [1992] states, in pertinent part: "Every mo-

tor vehicle, trailer, semitrailer, pole trailer and recreational vehicle when driven or moved upon a highway shall be subject to the registration and certificate of title provisions of this chapter...." [2] Although *W.Va.Code* 17A–3–2(a) [1992] lists six exceptions in subsections (1) through (6) to the registration and certification provisions, none is applicable to this case.[3]

Mr. Myers acknowledges that the Kawasaki motorcycle is subject to the registration provisions but claims that the Kawasaki motorcycle is exempted from the insurance requirement because it is "a periodic use or seasonal vehicle." *W.Va.Code* 17D–2A–3 [1988] states that a seasonal vehicle "means a recreational vehicle, antique motor vehicle, motorcycle or other motor vehicle which is stored part of the year and used seasonally," and *W.Va.Code* 17A–3–3(a)(5) [1984] requires the owner of a seasonal vehicle to provide certain information to the Division. *W.Va. Code* 17A–3–3(a)(5) [1984] states, in pertinent part:

In the case of a periodic use or seasonal vehicle, as defined in section three [§ 17D–2A–3], article two-A, chapter seventeen-D, the owner may provide, in lieu of other statements required by this section, a statement, under penalty of false swearing, that liability insurance is in effect during the portion of the year the vehicle is in actual use, within limits which shall be no less than the requirements of section two [§ 17D–4–2], article four, chapter seventeen-D of this Code, and other information relating to the seasonal use, on a form designed and provided by the department.

The Division notes that Mr. Myers did not file the required statement to qualify his Kawasaki motorcycle as a seasonal vehicle.

■ Our long standing method of statutory interpretation was repeated in Syl. Pt. 1, *State ex rel. Simpkins v. Harvey*, 172 W.Va.

312, 305 S.E.2d 268 (1983) *superseded by statute on another point as stated in State ex rel.·Hagg v. Spillers*, 181 W.Va. 387, 382 S.E.2d 581 (1989), which states:

"A statute should be so read and applied as to make it accord with the spirit, purposes and objects of the general system of law of which it is intended to form a part; it being presumed that the legislators who drafted and passed it were familiar with all existing law, applicable to the subject matter, whether constitutional, statutory or common, and intended the statute to harmonize completely with the same and aid in the effectuation of the general purpose and design thereof, if its terms are consistent therewith." *State v. Snyder*, 64 W.Va. 659, 63 S.E. 385 (1908).

*See also Cary v. Riss*, 189 W.Va. 608, 614, 433 S.E.2d 546, 552 (1993). We also discussed statutory interpretation in Syllabus Points 2, 3 and 4, *State ex rel. Fetters v. Hott*, 173 W.Va. 502, 318 S.E.2d 446 (1984), which state, respectively:

"The primary object in construing a statute is to ascertain and give effect to the intent of the Legislature." Syl. Pt. 1, *Smith v. State Workmen's Compensation Commissioner*, 159 W.Va. 108, 219 S.E.2d 361 (1975).

"In ascertaining legislative intent, effect must be given to each part of the statute and to the statute as a whole so as to accomplish the general purpose of the legislation." Syl. Pt. 2, *Smith v. State Workmen's Compensation Commissioner*, 159 W.Va. 108, 219 S.E.2d 361 (1975).

"Statutes which relate to the same subject matter should be read and applied together so that the Legislature's intention can be gathered from the whole of the enactments." Syl. Pt. 3, *Smith v. State Workmen's Compensation Commissioner*, 159 W.Va. 108, 219 S.E.2d 361 (1975).

---

2. *W.Va.Code* 17A–3–2 was amended in 1992 but the applicable provision was in effect in 1989 when this case arose.

3. *W.Va.Code* 17A–3–2(a) [1992] exempts the following vehicles from this state's registration and certification provisions: (1) vehicles transported "in conformance with ... this chapter relating to manufacturers, transporters, dealers, lienholders, nonresidents or under a temporary registration permit ...;" (2) implements of husbandry; (3) vehicles "propelled exclusively by electric power obtained from overhead trolley wires though not operated upon rails;" (4) vehicles "subject to registration owned by the government of the United States;" (5) a "wrecked or disabled vehicle which is being towed by a licensed wrecker or dealer ...;" and, (6) certain "recreational vehicles" which although exempt from registration, license plates and fee provisions, are subject to certification of title provisions.

*In accord,* Syl. Pts. 1 and 2, *State v. White,* 188 W.Va. 534, 425 S.E.2d 210 (1992); Syl. Pt. 1, *Young v. JCR Petroleum, Inc.,* 188 W.Va. 280, 423 S.E.2d 889 (1992).

In the present case, the Commissioner contends that because Mr. Myers' failed to qualify and register his Kawasaki motorcycle with the Division as a seasonal vehicle, the circuit court erred in holding that Mr. Myers' Kawasaki motorcycle is exempt as a seasonal vehicle from the security requirement of *W.Va.Code* 17D–2A–3 [1988]. We note that Mr. Myers testified that first, Mr. Marsh tried the Honda motorcycle and, thereafter, became interested in the Kawasaki.[4] Although Mr. Myers contends that Mr. Marsh took the Kawasaki for a test drive without permission, Mr. Myers also acknowledges that he placed the Honda's license on the Kawasaki.

 *W.Va.Code* 29A–5–4(g) [1964] specifies when a circuit court can reverse, vacate or modify an agency's order or decision. In Syl. Pt. 2, *Shepherdstown Volunteer Fire Dept. v. State ex rel. State of W.Va. Human Rights Commission,* 172 W.Va. 627, 309 S.E.2d 342 (1983), we said:

> Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: "(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

*In accord* Syl. Pt. 1, *FMC Corp. v. W. Va. Human Rights Commission,* 184 W.Va. 712, 403 S.E.2d 729 (1991); *Frank's Shoe Store v. W. Va. Human Rights Commission,* 179 W.Va. 53, 365 S.E.2d 251 (1986).

In the present case, we find that the Commissioner correctly revoked Mr. Myers's license for 90 days and his registration until proof of insurance is shown. When Mr. Myers' testimony is taken as a whole, the record indicates that Mr. Myers' Kawasaki motorcycle is not a periodic use or seasonal vehicle and, therefore, is not exempt from the insurance requirement specified in *W.Va. Code* 17D–2A–3 [1988].

For the above stated reasons, the judgment of the Circuit Court of Cabell County is reversed and the Commissioner's order, dated July 3, 1991 revoking Mr. Myers' license for 90 days and revoking his registration until proof of insurance is presented is reinstated.

Reversed.

---

4. The record does not indicate (1) if the Honda motorcycle was properly tagged when Mr. Marsh "took it" or (2) when Mr. Myers put the Honda's license plate on the Kawasaki motorcycle.