■ MARK FINKELSTEIN et al., Respondents-Appellants, v WARNER MUSIC GROUP INC. et al., Appellants-Respondents. [820 NYS2d 264]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered February 21, 2006, which, to the extent appealed from as limited by the briefs, denied defendants' motion for partial summary judgment dismissing the first and ninth causes of action for fraudulent misrepresentation and aiding and abetting such misrepresentations, and granted such motion to the extent of dismissing the derivative claims for negligence and breach of fiduciary duty asserted in the second, seventh and eighth causes of action, unanimously modified, on the law, the motion granted dismissing the first and ninth causes of action, and otherwise affirmed, with costs in favor of defendants.

The corporate plaintiff was described by its principal, plaintiff Finkelstein, and other employees, as a "sophisticated" and "successful player" in the dance music industry when it came to licensing, and "well experienced in licensing material for these types of compilations." In the year prior to entering into the joint venture with defendants, it derived approximately one half to two thirds of its revenue from advances and royalties paid in connection with the licenses it granted to third parties for the use of its recordings. During the year-long negotiations

conducted on the corporation's behalf solely by Mr. Finkelstein, when the parties dealt at arm's length and there was no relationship of trust and confidence (see our prior decision, 14 AD3d 415, 416 [2005]), plaintiffs admittedly made no due diligence inquiries of Warner or other parties about Warner's alleged policy regarding licensing of recordings to third-party compilers, even though the manner in which the joint venture would license its dance repertoire was admittedly one of the most important parts of the deal. Given such circumstances, plaintiffs have failed to show any justifiable basis for relying on defendants' failure to disclose their third-party licensing policy (see Shea v Hambros PLC, 244 AD2d 39, 46-47 [1998]) sufficient to defeat defendants' motion for partial summary judgment.

Nonparty Strictly Rhythm Records LLC (SRR) clearly released its claims against defendants. Summary dismissal of those portions of the second, seventh and eighth causes of action that asserted derivative claims on behalf of SRR was appropriate. Since SRR is a Delaware limited liability company, the question of whether plaintiffs' claims are derivative is governed by Delaware law, not New York law (see e.g. Burghart v Landau, 821 F Supp 173, 176 [SD NY 1993], affd 9 F3d 1538 [2d Cir 1993], cert denied 510 US 1196 [1994]). Concur—Andrias, J.P., Friedman, Sullivan, Nardelli and Malone, JJ.