■ Bassam Rimawi et al., Respondents, v Chandler Atkins et al., Appellants. [840 NYS2d 217]—

Rose, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered October 6, 2006 in Saratoga County, which, inter alia, denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff Bassam Rimawi (hereinafter plaintiff) and another commenced this action against defendant Quik-Flight, a Delaware limited liability company which operates an air charter service in New York, and defendant Chandler Atkins, the operating manager of Quik-Flight. Plaintiff is one of the owners of Quik-Flight. As is relevant here, plaintiffs' complaint asserts three causes of action against Atkins alleging that Atkins made false representations and defrauded plaintiff, that Atkins breached his fiduciary duties as an owner of Quik-Flight and plaintiff is therefore entitled to judicial dissolution of Quik-Flight. When defendants moved for summary judgment dismissing these causes of action, Supreme Court found issues of fact and denied the motion. Defendants appeal, arguing that plaintiffs' fraud claim lacks merit as a matter of law and his remaining claims cannot be asserted in this action. We agree.

In the fraud cause of action, plaintiffs allege that Atkins misrepresented that Quik-Flight would be operated in compliance with, among other things, the company's operating agreement and induced plaintiff to invest in Quik-Flight by misrepresenting that his investment would be tax deductible. Inasmuch as plaintiff failed to use ordinary intelligence and readily accessible resources to discover the truth of Atkins' representation as to a potential tax deduction, he cannot claim that his reliance was justified (see *Tanzman v La Pietra*, 8 AD3d 706, 707 [2004]). The remaining statements attributed to Atkins are merely promises about the future, rather than representations of fact, and they could constitute fraud only if they were made with a present intent not to fulfill them (see *Vollbrecht v Jacobson*, 40 AD3d 1243, 1245-1246 [2007]; *Mora v RGB, Inc.*, 17 AD3d 849, 852 [2005]; *Todd v Grandoe Corp.*, 302 AD2d 789, 791 [2003]). Since plaintiffs have presented no evidence of such an intent, the statements were not shown to be fraudulent.

We also agree with defendants that because Quik-Flight is a Delaware company and operates under an agreement expressly governed by Delaware law, plaintiffs' claim that Atkins' conduct

diluted plaintiff's ownership interest raises issues that must be asserted in a derivative action applying Delaware law (*see Finkelstein v Warner Music Group Inc.*, 32 AD3d 344, 345 [2006]; *see also Tzolis v Wolff*, 39 AD3d 138, 143-144 [2007]; *Katz v Emmett*, 226 AD2d 588, 589 [1996]). Further, we note that defendants have cited Delaware case law indicating that such a derivative action must comply with applicable statutory prerequisites (*see In re J.P. Morgan Chase & Co. Shareholder Litig.*, 906 A2d 808, 817-818 [Del 2005], *affd* 906 A2d 766 [Del 2006]; *Tooley v Donaldson, Lufkin & Jenrette, Inc.*, 845 A2d 1031, 1039 [Del 2004]; *see also Hart v General Motors Corp.*, 129 AD2d 179, 185-186 [1987], *lv denied* 70 NY2d 608 [1987]).

Finally, we conclude that plaintiffs' cause of action seeking dissolution of Quik-Flight must also be dismissed. A limited liability company is a hybrid entity and is, in all respects pertinent here, most like a corporation (*see Tzolis v Wolff, supra* at 143). Thus, unlike the derivative claim involving the internal affairs of a foreign corporation, plaintiffs' claim for dissolution and an ancillary accounting is one over which the New York courts lack subject matter jurisdiction (*see Vanderpoel v Gorman*, 140 NY 563, 572 [1894]; *Matter of Porciello v Sound Moves*, 253 AD2d 467 [1998]; *Matter of Warde-McCann v Commex, Ltd.*, 135 AD2d 541, 542 [1987]; 17 Fletcher, Cyclopedia of Corporations § 8432 [2006]; 17A Fletcher, Cyclopedia of Corporations § 8579 [2006]; *but see Matter of Hospital Diagnostic Equip. Corp. [HDE Holdings—Klamm]*, 205 AD2d 459, 459 [1994]).

Cardona, P.J., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion for summary judgment dismissing the first, second and fifth causes of action; motion granted to that extent and said causes of action dismissed; and, as so modified, affirmed.