■ In the Matter of MHS VENTURE MANAGEMENT CORP., Appellant, v UTILISAVE, LLC, Respondent. [881 NYS2d 452]—

In a proceeding pursuant to Limited Liability Company Law § 701 for the dissolution of Utilisave, LLC, the petitioner appeals (1) from an order of the Supreme Court, Westchester County (Rudolph, J.), entered April 21, 2008, which denied the petition, and (2), as limited by its brief, from so much of an order of the same court entered August 4, 2008, as denied its motion, in effect, pursuant to CPLR 5015 (a) (4) to vacate the order entered April 21, 2008, and dismiss the proceeding for lack of subject matter jurisdiction.

Ordered that the order entered August 4, 2008, is reversed insofar as appealed from, on the law, without costs or disbursements, the motion is granted, the order entered April 21, 2008, is vacated, and the proceeding is dismissed for lack of subject matter jurisdiction; and it is further,

Ordered that the appeal from the order entered April 21, 2008, is dismissed, without costs or disbursements, in light of

our determination on the appeal from the order entered August 4, 2008.

MHS Venture Management Corp. (hereinafter MHS), is a member of Utilisave, LLC (hereinafter Utilisave), a limited liability corporation which was formed in Delaware. MHS brought this proceeding for a judicial dissolution of Utilisave contending, inter alia, that Utilisave was unable to operate as an ongoing concern. In an order entered April 21, 2008, the Supreme Court denied the petition, finding that MHS had failed to make a prima facie showing that Utilisave was unable to operate as an ongoing concern.

MHS then moved to vacate the order entered April 21, 2008, asserting that, subsequent to the court's denial of the petition for failure to make a prima facie case, it learned that the court lacked subject matter jurisdiction over a proceeding to dissolve a foreign limited liability company. Desirous of bringing a dissolution proceeding in Delaware, but concerned that it would be bound by the order denying the petition for failure to make a prima facie case, MHS moved to vacate the order entered April 21, 2008, and requested that the proceeding instead be dismissed for lack of subject matter jurisdiction.

A claim for dissolution of a foreign limited liability company is one over which the New York courts lack subject matter jurisdiction (see Rimawi v Atkins, 42 AD3d 799 [2007]; Matter of Porciello v Sound Moves, 253 AD2d 467 [1998]; Matter of Warde-McCann v Commex, Ltd., 135 AD2d 541 [1987]). "[A] court's lack of subject matter jurisdiction is not waivable, but 'may be [raised] at any stage of the action, and the court may, ex mero motu [on its own motion], at any time, when attention is called to the facts, refuse to proceed further and dismiss the action' " (Matter of Fry v Village of Tarrytown, 89 NY2d 714, 718 [1997], quoting Robinson v Oceanic Steam Nav. Co., 112 NY 315, 324 [1889]).

"A judgment or order issued without subject matter jurisdiction is void, and that defect may be raised at any time and may not be waived" (Editorial Photocolor Archives v Granger Collection, 61 NY2d 517, 523 [1984]). As such, the order entered April 21, 2008, which denied the petition on the merits is void, the motion to vacate that order should have been granted, and the proceeding must instead be dismissed for lack of subject matter jurisdiction. Mastro, J.P., Skelos, Dickerson and Lott, JJ., concur.