# CIRCUIT COURT OF THE CITY OF NORFOLK

James A. Valone, Jr.

v.

Thomas F. Valone et al.

January 20, 2010

Case No. (Civil) CL08-5249

By JUDGE MARY JANE HALL

The matter comes before the Court on Defendants' motion to dismiss Plaintiff's Petition for Dissolution on the grounds that the Court lacks subject matter jurisdiction over the claim. After considering the comprehensive memoranda filed on both sides of the issue and the oral argument of counsel, the Court determines that it lacks subject matter jurisdiction to consider Plaintiff's request for dissolution of a limited partnership formed and registered under the laws of Georgia. For the reasons discussed herein, the motion is granted.

*Factual Background*

Plaintiff's Complaint seeks judicial dissolution of Bomeg, Limited Partnership, a foreign limited partnership organized under the laws of and registered with the State of Georgia. Bomeg's continued existence has become the focal point of a family controversy among the three children of Dr. and Mrs. James A. Valone, a wealthy couple in their 90s, who have been adjudicated incompetent and whose interests are represented by a North Carolina conservator.

Bomeg's sole asset is a Merrill Lynch brokerage account valued at greater than twenty million dollars. Ninety-eight percent of Bomeg is owned by two trusts: The James A. Valone Revocable Trust and The Ethel F. Valone Revocable Trust. Plaintiff James A. Valone, Jr., and his siblings, Defendants Thomas Valone and Mary Ethel Bettendorf, serve as co-trustees of the two revocable trusts and also own a 2/3 percent ownership interest in Bomeg in their own names.

Plaintiff alleges in his Complaint that he and his two siblings disagree "sharply, consistently, and intractably" as to the proper management of their parents' various partnerships, trusts, and investments. Compl. ¶ 22. He alleges that his siblings vote their interests in the trusts and in Bomeg as a block to the detriment of Plaintiff. He alleges that his siblings' actions, as described in the Complaint, have caused him to incur a substantial annual tax obligation relating to Bomeg with no corresponding benefit of any kind, that his siblings have a financial incentive to continue their actions, in order to thwart Plaintiff from enjoying a benefit from his interest and ultimately to effect the transfer of Plaintiff's interest to their own two children (Plaintiff has no children and his siblings each have at least one child), and that Bomeg thus cannot function as a legitimate partnership. He alleges that, under the laws of Georgia, which govern this dispute, Bomeg may be dissolved because it is not reasonably practicable for it to continue carrying out its business.

Plaintiff alleges that none of Bomeg's assets have ever had any connection to Georgia, none of Bomeg's general or limited partners have ever resided in or worked in Georgia during the whole of Bomeg's existence, and Bomeg has never done any business in Georgia. Instead, as stated in Bomeg's annual filings, the partnership's principal place of business (to the extent that Bomeg does any "business" at all) is located Plaintiff's residence in Norfolk, Virginia. For purposes of this motion, the Court accepts these allegations as true.

## Discussion

Subject matter jurisdiction consists of the authority the legislature has given a particular court to hear the type of controversy involved in the action. See *Shelton & Luck v. Sydnor*, 126 Va. 625, 102 S.E. 83 (1920); Restatement (Second) of Judgments, § 11 (1982). The Virginia Supreme Court has held that "jurisdiction of the subject matter can only be acquired by virtue of the Constitution or of some statute." *Shelton*, 126 Va. at 629, 102 S.E. at 85. Subject matter jurisdiction cannot be waived or given to a

court by agreement. *Afzall v. Commonwealth,* 273 Va. 226, 230, 639 S.E.2d 279, 282 (2007).

Defendants argue that this Court has no subject matter jurisdiction to dissolve Bomeg because courts of one state lack authority to dissolve business entities created under the laws of another state. In support of this contention. Defendants rely on cases that apply this principle in suits seeking dissolution of foreign corporations, including most notably an 1899 decision of the Virginia Supreme Court in *Taylor v. Mutual Reserve Fund Life Association,* 97 Va. 60, 33 S.E. 385 (1899). "It seems to be well settled that courts will not interfere with the management of the internal affairs of a foreign corporation. Such questions are to be settled by the tribunals of the State which created the corporation." *Id.* at 67, 33 S.E. at 388.

The plaintiff in *Taylor* sought to enjoin a New York insurance company that did business in Virginia from canceling his certificate of membership. He was not seeking judicial dissolution of the company, but the Court pronounced a holding that is broad enough to address such a request:

> Courts other than those of the State creating it, and in which it has its habitat, have no visitorial powers over such corporation, have no authority to remove its officers, or to punish them for misconduct committed in the State which created it, *nor to enforce a forfeiture of its charter.*

*Id.* (emphasis added).

The *Taylor* holding has apparently been followed in only one Virginia reported decision, *Lueker v. Rel Tech Group, Inc.,* 24 Va. Cir. 197, 200 (Fairfax 1991), where the court held, "The existence of a corporation cannot be involuntarily dissolved except by the act of a sovereign power by which it was created. Accordingly, the courts of one state do not have the power to dissolve a corporation created by the laws of another state."

Numerous courts around the country have reached the same result. *See, e.g., State of Texas v. Dyer,* 145 Tex. 586, 591, 200 S.W.2d 813, 815-16 (1947) ("Since a corporation is a creature of the state by which it is chartered, the right to dissolve the corporation without its consent belongs exclusively to the state. ... One state has no power to dissolve a corporation created by the laws of another state."); *Rimawi v. Atkins,* 42 A.D.3d 799, 801, 840 N.Y.S.2d 217, 218 (N.Y. 2007) ("[W]e conclude

that plaintiffs' cause of action seeking dissolution of [a Delaware limited liability company] must be dismissed. A limited liability company is a hybrid entity and is, in all respects pertinent here, most like a corporation. … Thus … plaintiffs' claim for dissolution and an ancillary accounting is one over which the New York courts lack subject matter jurisdiction."); *Mills v. Anderson*, 238 Mich. 643, 650-51, 214 N.W. 221, 238 Mich. 643, 214 N.W. 221, 223 (1927) ("It is textbook law that the courts of one State cannot dissolve a corporation created by another State.").

The West Virginia Supreme Court of Appeals has gone even further, holding that its courts not only lack the jurisdiction to dissolve corporations formed in other states, but that the United States Constitution forbids such an act:

> The Full Faith and Credit clause of the U.S. Constitution requires each state to respect the sovereign acts of the other states. The creation and dissolution of a corporation is one such act. Since a corporation is a creature of the state by which it is chartered, the right to dissolve the corporation without its consent belongs exclusively to the state. The existence of a corporation cannot be terminated except by some act of the sovereign power by which it was created. Accordingly, the courts of one state do not have the power to dissolve a corporation created by the laws of another state.

*Young v. JCR Petroleum, Inc.*, 188 W. Va. 280, 283, 423 S.E.2d 889, 892 (1992).

Plaintiff argues that none of the authority cited to the Court, including the cases discussed above, involved the judicial dissolution of a limited partnership. He therefore urges the Court to decline to apply those holdings to the facts at bar. No party has cited, and the Court has been unable to locate, any controlling authority to establish that Virginia courts lack subject matter jurisdiction to dissolve foreign limited partnerships.

The Virginia Supreme Court has held that "jurisdiction of the subject matter can only be acquired by virtue of the Constitution or of some statute." *Shelton & Luck v. Sydnor*, 126 Va. 625, 629, 102 S.E. 83, 85 (1920). The Court has searched for some express grant of subject matter jurisdiction over a suit to dissolve a foreign limited partnership and found only the grant of general jurisdiction of all civil cases provided in Virginia Code § 17.1-513. Virginia's Revised Uniform Limited Partnership Act at Va. Code § 50-73.1 *et seq.* grants jurisdiction to a

circuit court for judicial dissolution as follows: "On application by or for a partner, the circuit court of the locality in which the registered office is located may decree dissolution of a limited partnership if it is not reasonably practicable to carry on the business in conformity with the partnership agreement." Va. Code § 50-73.50.

The limitation imposed by the legislature to circuit courts "of the locality in which the registered office is located" strongly suggests that it did not intend Virginia courts to consider requests for dissolution of limited partnerships that maintain no registered office in Virginia. Plaintiff argues that Virginia law does not govern this dispute and that the quoted statute thus has no application to its petition. The Court interprets the quoted section, however, to represent the General Assembly's limitation of the general grant of civil jurisdiction in cases seeking the judicial dissolution of a limited partnership. While the parties may have stipulated for the application of Georgia law in their Limited Partnership Agreement, Virginia law must provide some basis for the Court to exercise jurisdiction over the cause.

The Court is unable to identify a characteristic of a limited partnership so distinctive from a corporation as to justify departing from the *Taylor* holding and applying a contrary rule in a dissolution action. The similarities between the two types of entities seem to outweigh the differences. As the Supreme Court of North Carolina discussed:

> [L]imited partnerships resemble corporations in various ways. Formalities of creation are much alike. Both forms of organization can attract investment capital by offering limited liability with roughly similar effect in limited partnerships and corporations. Limited liability necessitates some rules to protect corporate creditors. It facilitates passive ownership — a separation of ownership from control — that permits some efficiencies as well as poses some risks from delegated management. ... Information rights and fiduciary duties owed to limited partners are similar to those owed to shareholders. Limited partners, like shareholders, may bring derivative suits on behalf of the business entity against errant management. Limited partner interests are generally treated like corporate shares in the securities laws.

*Energy Investors Fund, L.P. v. Metric Constructors, Inc.*, 351 N.C. 331, 334-35, 525 S.E.2d 441, 443 (2000).

Because the holdings of those decisions addressing subject matter jurisdiction relating to foreign corporations consistently refer to the fact that "a corporation is a creature of the state by which it is chartered," *Young*, 188 W. Va. at 283, 423 S.E.2d at 892, and because that fact is equally true of limited partnerships, the Court is persuaded that those holdings should apply to this case.

The Court is mindful that Defendants' motion to dismiss for lack of subject matter jurisdiction comes more than sixteen months after suit was filed in Virginia, after multiple contested motions including demurrers and motions to disqualify counsel, after protracted discovery among residents of several different states, and literally days before trial was to commence. Had this motion been brought preliminarily rather than at this eleventh hour, the parties would have avoided significant expense. If the Court had the authority to determine that Defendants had waived any objection to proceeding in this Court, it would do so; but Virginia law clearly provides both that subject matter jurisdiction cannot be provided by consent, waiver, or acquiescence and the right to object for want of it can be raised at any point during the proceedings, including on appeal. *Humphreys v. Commonwealth*, 186 Va. 765, 772-73, 43 S.E.2d 890, 894 (1947); *Morrison v. Bestler*, 239 Va. 166, 169, 387 S.E.2d 753, 755 (1990).

Indeed, at oral argument, counsel for Defendants raised their concern that Plaintiff could be unsuccessful at a trial in this Court and win the opportunity to try again in Georgia with a petition in the Supreme Court of Virginia to reverse and vacate on account of the absence of subject matter jurisdiction. That very scenario was presented in *MHS Venture Management Corp. v. Utilisave, L.L.C.*, 63 A.D.3d 840, 881 N.Y.S.2d 452 (2009), where the plaintiff did not prevail on his petition to dissolve a Delaware limited liability company. He, thereafter, sought and obtained an order from the New York Supreme Court vacating the dismissal of his petition and permitting him to bring a dissolution proceeding in Delaware. Defendants cite this case to suggest that judicial economy would be better served by terminating this Virginia case and permitting Plaintiff to seek relief in Georgia now rather than later. As noted above, however, any concerns about judicial economy have no bearing on the Court's decision because any action that a court may take without jurisdiction would be a nullity.

Defendants' motion to dismiss for lack of subject matter jurisdiction is sustained.