[25 NYS3d 217]

In the Matter of RAHARNEY CAPITAL, LLC, as a Member and Manager of DAILY FUNDER, LLC, Appellant, v CAPITAL STACK, LLC, a New York Limited Liability Company, or CAPITAL STACK, LLC, a Nevada Limited Liability Company, Respondent.

First Department, February 25, 2016

### APPEARANCES OF COUNSEL

*Giuliano McDonnell & Perrone, LLP*, Mineola (*Nicholas P. Giuliano* and *Christopher R. Murray* of counsel), for appellant.

*Carter Ledyard & Milburn LLP*, New York City (*Jeffrey S. Boxer* and *Andriy R. Pazuniak* of counsel), for respondent.

### OPINION OF THE COURT

RICHTER, J.

In this appeal, we are asked to determine whether a New York court has the power to order the dissolution of a limited liability company that operates in this state, but was formed under the laws of another state. We conclude, consistent with decisions from the Court of Appeals, this Court, and our sister departments of the Appellate Division, that the courts of this state do not have subject matter jurisdiction to judicially dissolve a foreign business entity. Instead, the decision as to whether dissolution is appropriate lies with the courts of the state in which the entity was created.

Petitioner Raharney Capital, LLC (Raharney) is a Delaware limited liability company, and respondent Capital Stack, LLC (Capital Stack) is either a New York or a Nevada limited liability company. Raharney and Capital Stack each has its principal place of business in New York County, and each company has a sole member residing in New York. In September 2012, the principals of Raharney and Capital Stack agreed to embark upon a joint venture to act as a news source and forum for the nontraditional business finance industry. In furtherance of their endeavor, Raharney and Capital Stack formed Daily Funder, LLC (Daily Funder), a limited liability company organized under the laws of Delaware, with its sole place of business in New York County.[1] Raharney and Capital Stack each own a 50% interest in Daily Funder and have equal

---

1. Raharney names two different Capital Stack entities in the alternative as respondent, one formed in Nevada and one formed in New York. Raharney contends that the two entities are alter egos of each other and that it is unclear which is the member of Daily Funder. Capital Stack contends that the Nevada entity is Daily Funder's member, and that the New York entity has been dormant for several years and was recently dissolved.

membership and management rights in the company. Daily Funder does not have a written operating agreement.

In October 2014, Raharney brought a petition seeking an order judicially dissolving Daily Funder pursuant to section 18-802 of Delaware's Limited Liability Company Act. According to Raharney, the members of Daily Funder were unable to agree upon their respective roles and duties, the terms of an operating agreement, and the terms for withdrawal of either member. Raharney alleged that the parties were hopelessly deadlocked, and that it was not reasonably practicable for the company to continue operating. Raharney sought a judgment dissolving Daily Funder, and compelling its members to wind up the company's affairs and to execute the necessary documents to effect the dissolution of the company. Capital Stack cross-moved to dismiss the petition for lack of subject matter jurisdiction and for failure to state a claim. The motion court granted Capital Stack's motion to the extent of dismissing the proceeding on jurisdictional grounds. Raharney appeals, and we now affirm.

In *Vanderpoel v Gorman* (140 NY 563, 571-572 [1894]), in discussing the distinction between domestic and foreign corporations, the Court of Appeals expressed its view that a corporation could only be dissolved by the state that created it, and that courts in New York could not dissolve a foreign corporation (*see also Sokoloff v National City Bank of N.Y.*, 239 NY 158, 167 [1924] [government of Russia could not dissolve a corporation formed under New York laws]; *Merrick v Van Santvoord*, 34 NY 208, 222 [1866] ["a corporate franchise granted by one State, cannot be revoked or annulled by the courts of another"]). This Court echoed that sentiment in *Miller v Barlow* (88 App Div 529, 533 [1st Dept 1903], *revd on other grounds* 179 NY 294 [1904]), where we observed that "neither the Legislature nor the courts of this State would have the power to dissolve a corporation organized under the laws of another State." Likewise, in *Tosi v Pastene & Co.* (34 AD2d 520, 520 [1st Dept 1970]), we found that, although allegations of mismanagement of a foreign corporation would allow the plaintiff to obtain some unspecified relief, they "may not entitle the court to direct a dissolution of the foreign [entity]."

The other departments of the Appellate Division that have addressed this issue have concluded that courts in New York do not have subject matter jurisdiction to dissolve an out-of-state foreign entity. In *Rimawi v Atkins* (42 AD3d 799 [3d Dept

2007]), the plaintiffs commenced an action against Quik-Flight, a Delaware limited liability company that operated an air charter service in New York. The complaint included a cause of action seeking judicial dissolution of Quik-Flight. The defendants moved to dismiss the dissolution cause of action, and Supreme Court denied the motion. On appeal, the Third Department reversed and held that New York courts lack subject matter jurisdiction over the dissolution claim (*id.* at 801). Similarly, in *Matter of MHS Venture Mgt. Corp. v Utilisave, LLC* (63 AD3d 840, 841 [2d Dept 2009]), the Second Department concluded that "[a] claim for dissolution of a foreign limited liability company is one over which the New York courts lack subject matter jurisdiction" (*see also Matter of Porciello v Sound Moves*, 253 AD2d 467 [2d Dept 1998]; *Matter of Warde-McCann v Commex, Ltd.*, 135 AD2d 541 [2d Dept 1987]; *Appell v LAG Corp.*, 2006 NY Slip Op 30602[U] [Sup Ct, NY County 2006], *affd* 41 AD3d 277 [1st Dept 2007]).

The overwhelming majority of courts outside New York have come to the same conclusion (*see* P.G. Guthrie, Annotation, *Dissolving or Winding Up Affairs of Corporation Domiciled in Another State*, 19 ALR3d 1279, § 3[a] [collecting cases]). For example, in *Young v JCR Petroleum, Inc.* (188 W Va 280, 283-284, 423 SE2d 889, 892-893 [1992]), the court, interpreting certain state statutes, held that West Virginia courts have no jurisdiction to dissolve foreign corporations. To conclude otherwise, the court reasoned, would run afoul of the Full Faith and Credit Clause of the United States Constitution, which "requires each state to respect the sovereign acts of the other states[,]" including "[t]he creation and dissolution of a corporation" (188 W Va at 283, 423 SE2d at 892; *see also Lueker v Rel Tech Group, Inc.*, 24 Va Cir 197, 200 [Cir Ct 1991] [a corporation could not be involuntarily dissolved "except by the act of a sovereign power by which it was created"]; *Spurlock v Santa Fe Pac. R.R. Co.*, 143 Ariz 469, 482, 694 P2d 299, 312 [Ct App 1984] ["The respective supremacies of the state and national governments in their particular spheres must be observed in regard to their power to create and destroy corporations. Neither may terminate the existence of a corporation of the other"], *cert denied* 472 US 1032 [1985]; *Kirby Royalties, Inc. v Texaco Inc.*, 458 P2d 101, 103 [Wyo 1969]; *State v Dyer*, 145 Tex 586, 591, 200 SW2d 813, 815 [1947]).

We agree with the near-universal view that the courts of one state do not have the power to dissolve a business entity formed

under another state's laws.[2] Because a business entity is a creature of state law, the state under whose law the entity was created should be the place that determines whether its existence should be terminated (*see* 17A Fletcher, Cyclopedia of Corporations § 8579 [2015] ["the state or country that grants the corporation its franchise has exclusive and supreme power to withdraw it and to forfeit the corporate charter or dissolve the corporation"]; 19 Am Jur 2d, Corporations § 2335 ["The existence of a corporation cannot be terminated except by some act of the sovereign power by which it was created"]).

We recognize that in *Matter of Hospital Diagnostic Equip. Corp. [HDE Holdings—Klamm]* (205 AD2d 459 [1st Dept 1994]), this Court, in a brief memorandum decision, rejected a challenge to the court's jurisdiction to dissolve a foreign corporation. We now conclude that *Hospital Diagnostic* should no longer be followed in light of the principles enunciated by the Court of Appeals in *Vanderpoel, Sokoloff* and *Merrick*, and by this Court in *Miller* and *Tosi*. *Hospital Diagnostic* also cannot be reconciled with the rulings of the other departments of the Appellate Division and the overwhelming weight of authority from other jurisdictions.

The short decision in *Hospital Diagnostic* relies solely on a citation to *Broida v Bancroft* (103 AD2d 88 [2d Dept 1984]), a shareholder derivative action that did not involve a request for corporate dissolution. In *Broida*, the court concluded that jurisdiction could be exercised over an action involving the internal affairs of a foreign corporation doing business in New York, unless New York was an inappropriate or inconvenient forum (*id.* at 91-92; *see Hart v General Motors Corp.*, 129 AD2d 179, 185-186 [1st Dept 1987], *lv denied* 70 NY2d 608 [1987]). Although we do not quarrel with that proposition, we believe that judicially dissolving a foreign business entity is entirely distinct from resolving a dispute over its internal affairs (*see Rimawi v Atkins*, 42 AD3d at 801 [distinguishing between derivative claims involving internal affairs of a foreign corporation, for which there is subject matter jurisdiction, and a dissolution claim, for which there is not]). An order of dissolution from a New York court would infringe on the sovereign authority of another state by, in effect, forcing that state to extinguish an entity formed under its own laws.

---

**2.** Although this proceeding involves a limited liability company, we perceive no reason why the rule should be any different for corporations, partnerships and other business entities.

We recognize that New York State courts play a critical role in resolving disputes involving business entities, and our limited holding here is only that New York courts lack subject matter jurisdiction to dissolve a business entity created under another state's laws, an extremely narrow subset of cases. This case does not involve the authority of our courts to adjudicate the myriad disputes involving foreign entities doing business in this state, or to grant provisional relief in the course of hearing such controversies. The only relief sought here is the judicial dissolution of a foreign limited liability company, which can only be granted by the state that created it.

Finally, we disagree with petitioner that Delaware has only a minimal interest in the question of whether a business entity created in that state should be dissolved. Indeed, Delaware has a strong interest in determining whether business entities formed under its own laws continue to exist at all, and we should refrain from telling Delaware whether or not it should dissolve business entities formed in that state. In any event, the question here is not whether New York or Delaware is the more appropriate forum, an issue that would be part of a forum non conveniens analysis, but rather whether New York has subject matter jurisdiction in the first instance.

We have considered Raharney's remaining arguments and find them unavailing.

Accordingly, the order of the Supreme Court, New York County (Alice Schlesinger, J.), entered November 28, 2014, which granted respondent's cross motion to dismiss the petition for lack of subject matter jurisdiction, should be affirmed, without costs.

TOM, J.P., ACOSTA, MOSKOWITZ and KAPNICK, JJ., concur.

Order, Supreme Court, New York County, entered November 28, 2014, affirmed, without costs.