COURT OF APPEALS OF VIRGINIA

Present: Judges Raphael, Lorish and Callins

JAMES DESPER

                                                   MEMORANDUM OPINION*

v.      Record No. 1457-22-3                            PER CURIAM

                                                      AUGUST 8, 2023

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Paul A. Dryer, Judge

(James Desper, on briefs), *pro se*.

(Jason S. Miyares, Attorney General; Rosemary V. Bourne, Senior
Assistant Attorney General, on brief), for appellee. Appellee
submitting on brief.


Appellant, James Desper, appeals the trial court's judgment dismissing his motion to vacate

his convictions as "void." Desper, *pro se*, argues that the trial court erred in dismissing "without

hearing the case and violated due process and failed to rule on adopting an unlawful procedure and

void for vagueness issues." After examining the briefs and record here, the panel unanimously

holds that oral argument is unnecessary because "the appeal is wholly without merit." Code

§ 17.1-403(ii)(a); Rule 5A:27(a). Accordingly, we affirm the trial court's judgment that it had no

jurisdiction to rule on Desper's motion.

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

BACKGROUND[1]

In September 2010, the trial court sentenced Desper on three counts of rape based on the victim's mental incapacity. In November 2012, the trial court sentenced him to 63 years' incarceration, with 45 years suspended.[2] Desper appealed his convictions to this Court, arguing that the evidence failed to prove the victim's "mental incapacity and [his] knowledge thereof." *Desper v. Commonwealth*, No. 2116-10-3, slip op. at 1 (Va. Ct. App. Nov. 8, 2011). This Court affirmed Desper's rape convictions in an unpublished opinion. *Id.* The Supreme Court denied Desper's subsequent petition for an appeal and petition for rehearing.

In September 2013, Desper petitioned for a writ of habeas corpus, challenging his confinement for his rape convictions on the ground that his trial counsel did not "properly investigate" his case or consult experts regarding his own "mental impairment," which would have prohibited him from appreciating the victim's condition. The state habeas court dismissed Desper's petition, finding that his trial counsel was not ineffective.[3]

On February 1, 2022, Desper filed, *pro se*, a motion to vacate judgment collaterally attacking his convictions and sentencing orders as void ab initio. He argued that the underlying judgment was void because the court "adopted a mode of procedure that was not lawful" by

---

[1] On appeal, we recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).

[2] The trial court originally sentenced Desper on three counts of rape and one count of forcible sodomy in September 2010. On appeal, this Court affirmed Desper's rape convictions and reversed his sodomy conviction; the trial court entered an amended sentencing order on remand in November 2012.

[3] Desper moved this Court to "use the original record from the circuit court . . . from his habeas proceeding." That motion is denied as this Court cannot take judicial notice of a circuit court's records from another case. *See Barnes v. Barnes*, 64 Va. App. 22, 31 (2014) ("[A]ppellate courts will take judicial notice of the case records in the proceeding at bar," "prior proceedings in the same case, and their own records in other cases." (internal citations omitted)).

ignoring Code § 18.2-61(A)'s "legislative purpose" and "statutory intent." Relying on evidence presented at trial, Desper argued that the victim had "knowledge of sexual intercourse" and that the statute should be interpreted as not including victims with "a basic understanding of the elementary and rudimentary nature and consequences of sexual intercourse" as "part of the protected class." Alternatively, he argued that given his own mental incapacity, the trial court erred by finding that he "knew or should have known" of the victim's mental incapacity. Finally, Desper asserted that Code § 18.2-61(A)(ii) was "void for vagueness," and was thus unconstitutional, because it did not provide him "fair warning that . . . sexual intercourse" with the victim "would be considered criminal." Accordingly, he asked the trial court to vacate the underlying judgment.

On March 24, 2022, the trial court entered a final order dismissing Desper's motion. The court found that Desper's arguments challenged the sufficiency of the evidence and constitutionality of Code § 18.2-61(A) but did not "relate to [the court's] subject matter jurisdiction." Accordingly, the trial court ruled that Rule 1:1 prohibited it from considering the arguments more than twenty-one days after the final order. Desper appeals.

ANALYSIS

The trial court concluded it had no jurisdiction to rule on Desper's motion and dismissed it as a result. Whether a court has subject matter jurisdiction over a particular matter is a question of law that this Court reviews de novo on appeal. *See Reaves v. Tucker*, 67 Va. App. 719, 727 (2017). "Jurisdiction . . . is the power to adjudicate a case upon the merits and dispose of it as justice may require." *Pure Presbyterian Church of Washington v. Grace of God Presbyterian Church*, 296 Va. 42, 49 (2018) (alteration in original) (quoting *Shelton v. Sydnor*, 126 Va. 625, 629 (1920)). "[F]or a court to have the authority to adjudicate a particular case upon the merits," it must possess subject matter jurisdiction. *Id.*

"Subject matter jurisdiction is the authority vested in a court by constitution or statute to adjudicate certain categories of *disputes*." *Smith v. Commonwealth*, 281 Va. 464, 467 (2011) (emphasis added). The Supreme Court of Virginia has recognized that subject matter jurisdiction "can only be acquired by virtue of the Constitution or of some statute. Neither the consent of the parties, nor waiver, nor acquiescence can confer it." *Pure Presbyterian*, 296 Va. at 49 (quoting *Humphreys v. Commonwealth*, 186 Va. 765, 772 (1947)).

Absent a statutory exception, "[a]ll final judgments, orders, and decrees . . . remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1(a). "In a criminal case, the final order is the sentencing order." *Dobson v. Commonwealth*, 76 Va. App. 524, 528 (2023) (quoting *Johnson v. Commonwealth*, 72 Va. App. 587, 596 (2020)). A court has no subject matter jurisdiction to issue a ruling in a case after this time period passes. *Super Fresh Food Mkts. of Va., Inc. v. Ruffin*, 263 Va. 555, 563 (2022).

But a "judgment may be void ab initio if (1) it was procured by fraud, (2) the court lacked subject-matter jurisdiction, (3) the court lacked jurisdiction over the parties, (4) the judgment is of a character that the court lacked power to render, or (5) the court adopted an unlawful procedure." *Watson v. Commonwealth*, 297 Va. 347, 350 (2019) (citing *Evans v. Smyth-Wythe Airport Comm'n*, 255 Va. 69, 73 (1998)). In these narrow circumstances, a prior judgment may be declared void ab initio at any time, even after the 21-day period set out in Rule 1:1(a). *Singh v. Mooney*, 261 Va. 48, 52 (2001).

Desper relies on the last of these exceptions, that the trial court adopted an unlawful procedure, in pressing his claim for relief. He argues that the trial court erred by dismissing his motion to vacate because his convictions and sentencing orders are void ab initio. He contends, as he did below, that even if the trial court had subject matter jurisdiction over the rape charges, it

adopted an unlawful "mode of procedure" because it improperly construed Code § 18.2-61(A) and its "legislative purpose" and that a court must construe the law as it is written. But a trial court has broad "jurisdiction to err," even in a criminal case. *See Cilwa v. Commonwealth*, 298 Va. 259, 266 (2019) (describing the distinction between subject matter jurisdiction and active jurisdiction). A mere error does not render a judgment void; only voidable. "A challenge to an order based on a trial court's misapplication of a statute generally raises a question of court error, not a question of the court's jurisdiction." *Hicks v. Mellis*, 275 Va. 213, 219 (2008).

Although clothed in terms of an "improper procedure," Desper's claim ultimately challenges the sufficiency of the evidence presented to sustain his convictions. This Court already addressed Desper's sufficiency challenge to the victim's mental incapacity and his own asserted lack of knowledge of the victim's incapacity. It is well-established that "Virginia law does not permit a motion to vacate that is filed in a trial court long after the court lost active jurisdiction over the criminal case to serve as an all-purpose pleading for collateral review of criminal convictions." *Jones v. Commonwealth*, 293 Va. 29, 53 (2017).

Desper also claims that the trial court should have granted his motion to vacate because Code § 18.2-61(A)(ii) is unconstitutionally void for vagueness and failed to provide him "fair warning" that sexual intercourse with the victim "would be considered criminal." Motions to dismiss an indictment on the ground that a criminal statute is unconstitutional must be made in writing and filed at least seven days before trial. Code § 19.2-266.2(A), (B). If such a constitutional argument is not properly presented to the trial court, it is waived. *Johnson v. Commonwealth*, 37 Va. App. 634, 644-45 (2002). And the resulting judgment is not "void ab initio" even if the unpreserved constitutional argument is "conceded to be valid." *Jones*, 293 Va. at 48.

A court "always has jurisdiction to determine whether it has subject matter jurisdiction." *Pure Presbyterian*, 296 Va. at 50 (quoting *Morrison v. Bestler*, 239 Va. 166, 170 (1990)). But

"[o]nce a court determines that it lacks subject matter jurisdiction, 'the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Id.* (quoting *Ex Parte McCardle*, 74 U.S. 506, 514 (1868)). For these reasons, the trial court properly held that Rule 1:1(a) prohibited it from considering Desper's constitutional argument in a motion to vacate filed nearly a decade after entry of the final sentencing order.

## CONCLUSION

The trial court correctly determined that it lacked authority to revisit Desper's convictions nearly a decade after it imposed final judgment. Accordingly, we affirm.

*Affirmed*.